SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
STEPHEN S. KORNICZKY, Cal. Bar No. 135532
MARTIN R. BADER, Cal. Bar No. 222865
MATTHEW W. HOLDER, Cal. Bar No. 217619
12275 El Camino Real, Suite 200
San Diego, California 92130
Telephone:  858.720.8900
Facsimile:  858.509.3691
E mail      skorniczky@sheppardmullin.com
            mbader@sheppardmullin.com
            mholder@sheppardmullin.com

MICHAEL W. SCARBOROUGH, Cal. Bar No. 203524
MONA SOLOUKI, Cal. Bar No. 215145
Four Embarcadero Center, 17th Floor
San Francisco, California 94111
Telephone:  415.434.9100
Facsimile:  415.434.3947
E mail      mscarborough@sheppardmullin.com
            msolouki@sheppardmullin.com

Attorneys for Plaintiff Continental
Automotive Systems, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONTINENTAL AUTOMOTIVE SYSTEMS, INC., a Delaware corporation,<br><br>                Plaintiff,<br><br>        v.<br><br>AVANCI, LLC, et al.,<br><br>                Defendants. | Case No. 5:19-cv-2520-NC<br><br>**DECLARATION OF DR. FRANK-ERICH HUFNAGEL IN SUPPORT OF CONTINENTAL'S MOTION FOR ANTI-SUIT INJUNCTION**<br><br>Hearing Date:  July 31, 2019<br>Time:  1:00 p.m.<br>Place:  Courtroom 5<br>Judge:  Hon. Nathanael Cousins |

I, Dr. Frank-Erich Hufnagel, declare as follows:

1. I am an attorney with Freshfields Bruckhaus Deringer LLP. I represent Continental Automotive GmbH and Continental Automotive Hungary Ltd, two affiliates of Continental AG (all together and by themselves referred to as "Continental") in connection with its disputes with Nokia, in particular in connection with lawsuits filed by Nokia Technologies Oy and Nokia Solutions and Networks Oy against Daimler AG ("Daimler") in Germany. My firm also represents Continental with regards to Continental's complaint against Nokia Oyi to the European Commission. If called as a witness, I could and would competently testify to all facts within my personal knowledge.

## I. THE EUROPEAN COMMISSION COMPLAINT

2. After more than a year of negotiations and numerous unsuccessful attempts to obtain a direct licensing offer from Nokia on behalf of itself and its affiliate, Zonar, Continental filed a complaint against Nokia Oyi with the European Commission on January 7, 2019 (the "EC Complaint").

3. Continental's EC Complaint details Nokia's violation of its FRAND obligations by failing to offer direct licenses to Nokia's purported standard essential patents ("SEPs") to Continental and its affiliate Zonar, or any other component suppliers. As detailed in the EC Complaint, Nokia will only grant SEP licenses to original equipment manufacturers ("OEMs"), *i.e.*, the vehicle manufacturers.

4. Daimler filed a separate complaint with the European Commission on 26 November 2018 which also asked the European Commission to investigate Nokia's SEP licensing practices in the automotive industry (in particular, Nokia's refusal to directly license suppliers like Continental, but instead only license at the OEM level). Attached as **Exhibit 1** is a true and correct copy of a Reuters article entitled, "Daimler asks EU antitrust regulators to probe Nokia patents," with statements from Daimler and Nokia regarding the complaint.

5.     Further individual complaints against Nokia were filed by three other automotive suppliers, Bury Technologies, Valeo, and Gemalto. Attached as **Exhibit 2** is a true and correct copy of a Reuters article titled, "Continental, Valeo seek EU antitrust action against Nokia," in which a Nokia spokesman confirmed the complaints publicly at that time.

## II.   THE GERMAN ACTIONS

6.     On March 20, 2019, two Nokia subsidiaries filed a total of ten separate patent infringement lawsuits against Continental's customer, Daimler. Nokia filed these patent infringement lawsuits in various German courts: three in the First Munich Regional Court, Patent Division (in German, the Landgericht München I, Patentstreitkammer); three in the Düsseldorf Regional Court, Patent Division (in German, the Landgericht Düsseldorf, Patentstreitkammer); and four in the Mannheim Regional Court, Patent Division (in German, the Landgericht Mannheim, Patentstreitkammer).

### A.     The Munich Actions

#### 1.     EP 1671505 B1

7.     On March 20, 2019, Nokia Technologies Oy filed a patent infringement Complaint against Daimler in the First Munich Regional Court, Patent Division, which was given Docket No. 7 O 3890/19. The Complaint alleges infringement of European Patent No. 1671505 B1 titled "Redundancy Strategy Selection Scheme," (the "'505 patent"). Attached as **Exhibit 3** is a non-certified English language translation of this Complaint (the "EP '505 Complaint").

8.     The EP '505 Complaint states that the infringement action is brought against Daimler's motor vehicles that implement telematics control units provided by, *inter alia*, Continental AG for their implementation of mobile telecommunication technologies, such as GSM, UMTS, and LTE. (EP '505 Complaint, § III.) The EP '505 Complaint alleges that the claims of the '505 patent cover, and are therefore essential to, functions of mobile stations in 3G networks

that implement the HSUPA protocol, specifically the following technical specifications: European Telecommunications Standards Institute ("ETSI") Technical Specification ("TS") 125.212 entitled "Universal Mobile Telecommunications System (UMTS); Multiplexing and channel coding (FDD)"; and ETSI TS 125.331 entitled "Universal Mobile Telecommunications System (UMTS) Radio Resource Control (RRC) protocol specification." (EP '505 Complaint, § V.)

9. Additionally, the EP '505 Complaint alleges that the '505 patent has been declared to ETSI as essential to the UMTS standard. (EP '505 Complaint, § II.) Attached as **Exhibit 4** is a true and correct copy of the ETSI Declaration in which Nokia Corporation declares Patent Cooperation Treaty ("PCT") Publication No. WO 2005/036908—one of the applications to which the '505 patent claims priority—as essential to the UMTS standard.

10. When the EP '505 Complaint was filed, Nokia Technologies Oy sought claims for information and rendering of account as to the extent of infringing activities for the '505 patent, which includes disclosure of the quantities of products sold, customers, suppliers, individual deliveries, offers, costs, and profits, as well as a declaratory judgment that Daimler is liable to pay damages for the infringing activities. (EP '505 Complaint, § VII.) In Germany, the actual amount of damages would be determined in a subsequent, independent action that Nokia Technologies Oy would file. At an initial hearing on June 5, 2019, Nokia also informed the court that it will amend its complaint to add a request for injunctive relief in this case.

11. On May 17, 2019, Daimler filed formal Third-Party Notifications with the Munich court notifying Continental Automotive GmbH and Continental Automotive Hungary Ltd. that components originating from these entities are involved in the patent infringement action. Under German law, a Third-Party Notice is only admissible against any third party against which the party, in this case Daimler, believes to be able to raise indemnification claims or by whom the party

fears to face such indemnification claims in case of a negative outcome of the proceedings. A Third-Party Notice is only appropriate where a third party has a legitimate legal interest in the outcome of the litigation. On May 20, 2019, Daimler filed a similar formal Third Party-Notification with the Munich court notifying Conti Temic microelectronic GmbH. Attached as **Exhibit 5** are true and correct copies of these Third-Party Notifications.

12. On May 31, 2019, Continental Automotive GmbH and Continental Automotive Hungary Ltd. formally intervened in the proceeding. A non-certified English language translation of Continental's Notice of Intervention is attached as **Exhibit 6.**

### 2. EP 2797239 B1

13. On March 20, 2019, Nokia Solutions and Networks Oy filed a patent infringement Complaint against Daimler in the First Munich Regional Court, Patent Division, which was given Docket No. 21 O 3889/19. The Complaint alleges infringement of European Patent No. 2797239 B1 titled "A Method and a Telecommunication Device for Selecting a Number of Code Channels and an Associated Spreading Factor for a CDMA Transmission," (the "'239 patent"). Attached as **Exhibit 7** is a true and correct copy of this Complaint (the "EP '239 Complaint").

14. The EP '239 Complaint states that the infringement action is brought against Daimler's motor vehicles that implement telematics control units provided by, *inter alia*, Continental AG for their implementation of mobile telecommunication technologies, such as GSM, UMTS, and LTE. (EP '239 Complaint, § III.) The EP '239 Complaint alleges that the claims of the '239 patent cover, and are therefore essential to, the HSUPA protocol, specifically ETSI TS 125.212 entitled "Universal Mobile Telecommunications System (UMTS); Multiplexing and channel coding (FDD)." (EP '239 Complaint, § V.)

15. Additionally, the EP '239 Complaint alleges that the '239 patent has been declared to ETSI as essential to the HSUPA standard, which is an extension of UMTS. (EP '239 Complaint, § II.) Attached as **Exhibit 8** is a true and correct copy of the ETSI Declaration in which Nokia Siemens Networks declares European Patent No. 1 780 901—one of the patents to which the '239 patent claims priority—as essential to the UMTS standard.

16. When the EP '239 Complaint was filed, Nokia Solutions and Networks Oy sought claims for information and rendering of account as to the extent of infringing activities for the '239 patent, which includes disclosure of the quantities of products sold, customers, suppliers, individual deliveries, offers, costs, and profits, as well as a declaratory judgment that Daimler is liable to pay damages for the infringing activities. (EP '239 Complaint, § VII.)

17. On May 8, 2019, Nokia Solutions and Networks Oy filed a supplementary application adding a request for injunctive relief. Attached as **Exhibit 9** is a true and correct copy of this additional request for injunctive relief.

### 3.  DE 60240446 C5

18. On March 20, 2019, Nokia Technologies Oy filed a patent infringement Complaint against Daimler in the First Munich Regional Court, Patent Division, which was given Docket No. 21 O 3891/19. The Complaint alleges infringement of German Patent No. 60240446 C5 titled "Hybrid Automatic Repeat Request (HARQ) Scheme With In-Sequence Delivery of Packets," (the "'446 patent"). Attached as **Exhibit 10** is a true and correct copy of this Complaint (the "DE '446 Complaint").

19. The DE '446 Complaint states that the infringement action is brought against Daimler's motor vehicles that implement telematics control units provided by, *inter alia*, Continental AG for their implementation of mobile telecommunication technologies, such as GSM, UMTS, and LTE. (DE '446 Complaint, § III.) The DE '446 Complaint alleges that the claims of the '446 patent cover, and are therefore essential to, the HSDPA protocol, specifically, the

following technical specifications: ETSI TS 125.321 entitled "Medium Access Contra / (MAC); Protocol Specification"; ETSI TS 125.308 entitled "High Speed Downlink Packet Access (HSDPA)"; ETSI TS 125.212 entitled "Universal Mobile Telecommunications System (UMTS); Multiplexing and channel coding (FDD)"; ETSI 125.211 entitled "Physical channels and mapping of transport channels on physical channels (FDD)"; and ETSI TS 125.214 entitled "Physical layer procedure (FDD)." (DE '446 Complaint, § V.)

20. Additionally, the DE '446 Complaint alleges that the '239 patent has been declared to ETSI as essential to the HSDPA standard, which is an extension of UMTS. (DE '446 Complaint, § II.) Attached as **Exhibit 11** is a true and correct copy of the ETSI Declaration in which Nokia Corporation declares PCT Application No. PCT/IB02/01651—one of the applications to which the '446 patent claims priority—as essential to the UMTS standard.

21. When the DE '446 Complaint was filed, Nokia Technologies Oy sought claims for information and rendering of account as to the extent of infringing activities for the '239 patent, which includes disclosure of the quantities of products sold, customers, suppliers, individual deliveries, offers, costs, and profits, as well as a declaratory judgment that Daimler is liable to pay damages for the infringing activities. (DE '446 Complaint, § VII.)

22. On May 8, 2019, Nokia Technologies Oy filed a supplementary application adding a request for injunctive relief. Attached as **Exhibit 12** is a true and correct copy of this additional request for injunctive relief.

B.  **The Düsseldorf Actions**

1.  EP 1929826 B1

23. On March 20, 2019, Nokia Technologies Oy filed a patent infringement Complaint against Daimler in the Düsseldorf Regional Court, Patent Division, which was given Docket No. 4a O 27/19. The Complaint alleges infringement of European Patent No. 1929826 B1 titled "Apparatus, Method and Computer Program

Product to Request a Data Rate Increase Based on Ability to Transmit at Least One More Selected Data Unit," (the "'826 patent"). Attached as **Exhibit 13** is a true and correct copy of this Complaint (the "EP '826 Complaint").

24. The EP '826 Complaint states that the infringement action is brought against Daimler's motor vehicles that implement telematics control units provided by, *inter alia*, Continental AG for their implementation of mobile telecommunication technologies, such as GSM, UMTS, and LTE. (EP '826 Complaint, § III.) The EP '826 Complaint alleges that the claims of the '826 patent cover, and are therefore essential to, the functions of mobile stations in 3G networks, specifically ETSI TS 125.321 entitled "Medium Access Control (MAC) protocol specification." (EP '826 Complaint, § V.)

25. Additionally, the EP '826 Complaint alleges that the '826 patent has been declared to ETSI as essential to the UMTS standard. (EP '826 Complaint, § II.) Attached as **Exhibit 14** is a true and correct copy of the ETSI Declaration in which Nokia Corporation declares United States Provisional Patent Application No. 60/721,618—one of the patents to which the '826 patent claims priority—as essential to the UMTS standard.

26. When the EP '826 Complaint was filed, Nokia Technologies Oy sought claims for information and rendering of account as to the extent of infringing activities for the '826 patent, which includes disclosure of the quantities of products sold, customers, suppliers, individual deliveries, offers, costs, and profits, as well as a declaratory judgment that Daimler is liable to pay damages for the infringing activities. (EP '826 Complaint, § VII.)

27. On May 8, 2019, Nokia Technologies Oy filed a supplementary application adding a request for injunctive relief. Attached as **Exhibit 15** is a true and correct copy of this additional request for injunctive relief.

### 2. EP 2087626 B1

28. On March 20, 2019, Nokia Technologies Oy filed a patent infringement Complaint against Daimler in the Düsseldorf Regional Court, Patent Division, which was given Docket No. 4a O 26/19. The Complaint alleges infringement of European Patent No. 2087626 B1 titled "Additional Modulation Information Signaling for High Speed Downlink Packet Access," (the "'626 patent"). Attached as **Exhibit 16** is a true and correct copy of this Complaint (the "EP '626 Complaint").

29. The EP '626 Complaint states that the infringement action is brought against Daimler's motor vehicles that implement telematics control units provided by, *inter alia*, Continental AG for their implementation of mobile telecommunication technologies, such as GSM, UMTS, and LTE. (EP '626 Complaint, § III.) The EP '626 Complaint alleges that the claims of the '626 patent cover, and are therefore essential to, allowing data transfer via HSDPA and HSDPA+, which are portions of the UMTS standard, specifically ETSI TS 125.212 entitled "Multiplexing and Channel Coding (FDD)." (EP '626 Complaint, §§ IV.3, V.)

30. Additionally, the EP '626 Complaint alleges that the '626 patent has been declared to ETSI as essential to the UMTS standard. (EP '626 Complaint, § II.) Nokia Corporation declared the '626 patent as essential to the UMTS Standard, which is recorded at ETSI Declaration No. ISLD-201902-002. A copy of the declaration is not available on the ETSI IPR Database.

31. When the EP '626 Complaint was filed, Nokia Technologies Oy sought claims for information and rendering of account as to the extent of infringing activities for the '626 patent, which includes disclosure of the quantities of products sold, customers, suppliers, individual deliveries, offers, costs, and profits, as well as a declaratory judgment that Daimler is liable to pay damages for the infringing activities. (EP '626 Complaint, § VII.)

32. On May 8, 2019, Nokia Technologies Oy filed a supplementary application adding a request for injunctive relief. Attached as **Exhibit 17** is a true and correct copy of this additional request for injunctive relief.

### 3. EP 2087629 B1

33. On March 20, 2019, Nokia Technologies Oy filed a patent infringement Complaint against Daimler in the Düsseldorf Regional Court, Patent Division, which was given Docket No. 4c O 17/19. The Complaint alleges infringement of European Patent No. 2087629 B1 titled "A Method of Transmitting Data Within a Telecommunications System," (the "'7629 patent"). Attached as **Exhibit 18** is a true and correct copy of this Complaint (the "EP '7629 Complaint").

34. The EP '7629 Complaint states that the infringement action is brought against Daimler's motor vehicles that implement telematics control units provided by, *inter alia*, Continental AG for their implementation of mobile telecommunication technologies, such as GSM, UMTS, and LTE. (EP '7629 Complaint, § III.)

35. The EP '7629 Complaint alleges that the claims of the '7629 patent cover, and are therefore essential to, the function of mobile stations in 4G networks, specifically the following technical specifications: ETSI TS 136.300 entitled "LTE; Evolved Universal Terrestrial Radio Access (E-UTRA) and Evolved Universal Terrestrial Radio Access Network (E-UTRAN); Overall description"; ETSI TS 36.331 entitled "LTE; Evolved Universal Terrestrial Radio Access (E-UTRA); Radio Resource Control (RRC); Protocol specification"; ETSI TS 36.213 entitled "LTE; Evolved Universal Terrestrial Radio Access (E-UTRA); Physical layer procedures"; and ETSI TS 36.321 entitled "3rd Generation Partnership Project; Technical Specification Group Radio Access Network; Evolved Universal Terrestrial Radio Access (E-UTRA) Medium Access Control (MAC) protocol specification (Release 8)." (EP '7629 Complaint, §§ V.)

36. Additionally, the EP '7629 Complaint alleges that the '7629 patent has been declared to ETSI as essential to the LTE standard. (EP '7629 Complaint, § II.) Attached as **Exhibit 19** is a true and correct copy of the ETSI Declaration in which Nokia Corporation declares the '826 as essential to the LTE standard.

37. When the EP '7629 Complaint was filed, Nokia Technologies Oy sought claims for information and rendering of account as to the extent of infringing activities for the '7629 patent, which includes disclosure of the quantities of products sold, customers, suppliers, individual deliveries, offers, costs, and profits, as well as a declaratory judgment that Daimler is liable to pay damages for the infringing activities. (EP '7629 Complaint, § VII.)

38. On May 8, 2019, Nokia Technologies Oy filed a supplementary application adding a request for injunctive relief. Attached as **Exhibit 20** is a true and correct copy of this additional request for injunctive relief.

C. **The Mannheim Actions**

1. **EP 1273199 B2**

39. On March 20, 2019, Nokia Technologies Oy filed a patent infringement Complaint against Daimler in the Mannheim Regional Court, Patent Division, which was given Docket No. 2 O 37/19. The Complaint alleges infringement of European Patent No. 1273199 B1 titled "Method and Arrangement for Maintaining Synchronization in Association With Resetting a Communication Connection," (the "'199 patent"). Attached as **Exhibit 21** is a true and correct copy of this Complaint (the "EP '199 Complaint").

40. The EP '199 Complaint states that the infringement action is brought against Daimler's motor vehicles that implement telematics control units provided by, *inter alia*, Continental AG for their implementation of mobile telecommunication technologies, such as GSM, UMTS, and LTE. (EP '199 Complaint, § III.) The EP '199 Complaint alleges that the claims of the '199 patent cover, and are therefore essential to, the function of mobile stations in 3G networks,

specifically ETSI TS 125.322 entitled "Universal Mobile Telecommunications System (UMTS); Radio Link Control (RLC) protocol specification." (EP '199 Complaint, § V.)

41. Additionally, the EP '199 Complaint alleges that the '199 patent has been declared to ETSI as essential to the UMTS standard. (EP '199 Complaint, § II.) Attached as **Exhibit 22** is a true and correct copy of the ETSI Declaration in which Nokia Corporation declares European Patent Application No. 1927957.9—the application from which the '199 patent issues—as essential to the UMTS standard.

42. The EP '199 Complaint seeks claims for information and rendering of account as to the extent of infringing activities for the '199 patent, which includes disclosure of the quantities of products sold, customers, suppliers, individual deliveries, offers, costs, and profits, as well as a declaratory judgment that Daimler is liable to pay damages for the infringing activities. (EP '199 Complaint, § VII.) Nokia has not disclaimed a request for injunctive relief in connection with the EP '199 Complaint.

### 2. EP 2145404 B1

43. On March 20, 2019, Nokia Technologies Oy filed a patent infringement Complaint against Daimler in the Mannheim Regional Court, Patent Division, which was given Docket No. 2 O 36/19. The Complaint alleges infringement of European Patent No. 2145404 B1 titled "Method and Apparatus for Providing Control Channels for Broadcast and Paging Services," (the "'404 patent"). Attached as **Exhibit 23** is a true and correct copy of this Complaint (the "EP '404 Complaint").

44. The EP '404 Complaint states that the infringement action is brought against Daimler's motor vehicles that implement telematics control units provided by, *inter alia*, Continental AG for their implementation of mobile telecommunication technologies, such as GSM, UMTS, and LTE. (EP '404 Complaint, § III.) The EP '404 Complaint alleges that the claims of the '404 patent

cover, and are therefore essential to, the function of mobile stations in 4G networks, specifically the following standards: ETSI TS 36.212 entitled "LTE; Evolved Universal Terrestrial Radio Access (E-UTRA); Multiplexing and channel coding"; ETSI TS 36.321 entitled "LTE; Evolved Universal Terrestrial Radio Access (E-UTRA); Medium Access Control (MAC) protocol specification"; and ETSI TS 36.213 entitled "LTE; Evolved Universal Terrestrial Radio Access (E-UTRA); Physical layer procedures." (EP '404 Complaint, § V.)

45. Additionally, the EP '404 Complaint alleges that the '404 patent has been declared to ETSI as essential to the LTE standard. (EP '404 Complaint, § II.) Attached as **Exhibit 24** is a true and correct copy of the ETSI Declaration in which Nokia Corporation declares PCT Application No. PCT/IB2008/001137—one of the applications to which the '404 patent claims priority—as essential to the LTE standard.

46. The EP '404 Complaint seeks claims for information and rendering of account as to the extent of infringing activities for the '404 patent, which includes disclosure of the quantities of products sold, customers, suppliers, individual deliveries, offers, costs, and profits, as well as a declaratory judgment that Daimler is liable to pay damages for the infringing activities. (EP '404 Complaint, § VII.)

47. On May 8, 2019, Nokia Technologies Oy filed a supplementary application adding a request for injunctive relief. Attached as **Exhibit 25** is a true and correct copy of this additional request for injunctive relief.

### 3. EP 2286629 B2

48. On March 20, 2019, Nokia Solutions and Networks Oy filed a patent infringement Complaint against Daimler in the Mannheim Regional Court, Patent Division, which was given Docket No. 2 O 35/19. The Complaint alleges infringement of European Patent No. 2286629 B2 titled "Method and Apparatus to Link Modulating and Coding Scheme to Amount of Resources," (the "'6629

patent"). Attached as **Exhibit 26** is a true and correct copy of this Complaint (the "EP '6629 Complaint").

49. The EP '6629 Complaint states that the infringement action is brought against Daimler's motor vehicles that implement telematics control units provided by, *inter alia*, Continental AG for their implementation of mobile telecommunication technologies, such as GSM, UMTS, and LTE. (EP '6629 Complaint, § III.) The EP '6629 Complaint alleges that the claims of the '6629 patent cover, and are therefore essential to, the LTE standard, specifically the following standards: ETSI TS 36.212 entitled "LTE; Evolved Universal Terrestrial Radio Access (E-UTRA); Multiplexing and channel coding"; and ETSI TS 36.213 entitled "LTE; Evolved Universal Terrestrial Radio Access (E-UTRA); Physical layer procedures." (EP '6629 Complaint, § V.)

50. Additionally, the EP '6629 Complaint alleges that the '6629 patent has been declared to ETSI as essential to the LTE standard. (EP '6629 Complaint, § II.) Attached as **Exhibit 27** is a true and correct copy of the ETSI Declaration in which Nokia Siemens Networks declares European Patent Application No. 9738480.4— the application from which the '6629 patent issues—as essential to the LTE standard.

51. The EP '6629 Complaint seeks claims for information and rendering of account as to the extent of infringing activities for the '6629 patent, which includes disclosure of the quantities of products sold, customers, suppliers, individual deliveries, offers, costs, and profits, as well as a declaratory judgment that Daimler is liable to pay damages for the infringing activities. (EP '6629 Complaint, § VII.)

52. On May 8, 2019, Nokia Technologies Oy filed a supplementary application adding a request for injunctive relief. Attached as **Exhibit 28** is a true and correct copy of this additional request for injunctive relief.

### 4.    EP 2981103 B1

53. On March 20, 2019, Nokia Solutions and Networks Oy filed a patent infringement Complaint against Daimler in the Mannheim Regional Court, Patent Division, which was given Docket No. 2 O 34/19. The Complaint alleges infringement of European Patent No. 2981103 B1 titled "Allocation of Preamble Sequences," (the "'103 patent"). Attached as **Exhibit 29** is a true and correct copy of this Complaint (the "EP '103 Complaint").

54. The EP '103 Complaint states that the infringement action is brought against Daimler's motor vehicles that implement telematics control units provided by, *inter alia*, Continental AG for their implementation of mobile telecommunication technologies, such as GSM, UMTS, and LTE. (EP '103 Complaint, § III.) The EP '103 Complaint alleges that the claims of the '103 patent cover, and are therefore essential to, the LTE standard, specifically the following standards:  ETSI TS 36.211 entitled "LTE; Evolved Universal Terrestrial Radio Access (E-UTRA); Physical channels and modulation" (EP '103 Complaint, § V.)

55. Additionally, the EP '103 Complaint alleges that the '103 patent has been declared to ETSI as essential to the LTE standard. (EP '103 Complaint, § II.) Attached as **Exhibit 30** is a true and correct copy of the ETSI Declaration in which Nokia Siemens Networks declares European Patent Application No. 7117750.5—the application from which the '103 patent is a divisional application—as essential to the LTE standard.

56. The EP '103 Complaint seeks claims for information and rendering of account as to the extent of infringing activities for the '103 patent, which includes disclosure of the quantities of products sold, customers, suppliers, individual deliveries, offers, costs, and profits, as well as a declaratory judgment that Daimler is liable to pay damages for the infringing activities. (EP '103 Complaint, § VII.)

57. On May 8, 2019, Nokia Technologies Oy filed a supplementary application adding a request for injunctive relief. Attached as **Exhibit 31** is a true and correct copy of this additional request for injunctive relief.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 11th day of June 2019, at Düsseldorf, Germany

By _____
Dr. Frank-Erich Hufnagel