Ryan W. Koppelman (State Bar No. 290704)
**ALSTON & BIRD LLP**
1950 University Avenue, 5th Floor
East Palo Alto, CA 94303
Telephone:  650-838-2000
Facsimile:  650-838-2001
E-mail:  ryan.koppelman@alston.com

*Attorney for Defendants*
NOKIA CORPORATION, NOKIA OF AMERICA CORPORATION, NOKIA SOLUTIONS AND NETWORKS US LLC, NOKIA SOLUTIONS AND NETWORKS OY, and NOKIA TECHNOLOGIES OY

*Additional counsel listed on signature pages*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CONTINENTAL AUTOMOTIVE SYSTEMS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>AVANCI, LLC, AVANCI PLATFORM INTERNATIONAL LIMITED, NOKIA CORPORATION, NOKIA OF AMERICA CORPORATION, NOKIA SOLUTIONS AND NETWORKS US LLC, NOKIA SOLUTIONS AND NETWORKS OY, NOKIA TECHNOLOGIES OY, CONVERSANT WIRELESS LICENSING SARL, OPTIS UP HOLDINGS LLC, OPTIS CELLULAR TECHNOLOGY, LLC, OPTIS WIRELESS TECHNOLOGY, LLC,<br><br>Defendants. | Case No. 19-cv-2520-NC<br><br>**ADMINISTRATIVE MOTION FOR TRANSFER AND DISTRICT-WIDE REASSIGNMENT PURSUANT TO L.R. 3-2(h)** |

Pursuant to Civil L.R. 3-2(h), Defendants[1] hereby respectively move the Court to enter an order to re-assign this case on a district-wide basis. Plaintiff pleads antitrust claims in this case, and the Local Rules exclude cases involving antitrust claims from the division-specific venue rule. They must be assigned on a district-wide basis. *See* L.R. 3-2(c). As a result of how Plaintiff filed its Complaint, the Clerk of Court incorrectly assigned this case to the San Jose Division based on intradistrict venue, instead of assigning it on a district-wide basis. As more fully explained below, Defendants respectively moves the Court to correct this error.[2]

In the Complaint, Plaintiff alleges multiple antitrust violations of the Sherman Act. (D.I. 1 at p. 1-2, ¶¶161-188). Plaintiff relies on its Sherman Act claims for venue and Federal question jurisdiction. *Id.* at ¶¶52, 55. While Plaintiff did reference the Sherman Act on its civil coversheet, Plaintiff, however, did not check the "410 Antitrust" box on its civil coversheet, and instead checked "190 Other Contract." (D.I. 1-1 at p. 1.) In its "Intradistrict Assignment" paragraph in the Complaint, Plaintiff incorrectly alleges that this case should be assigned to the San Jose Division "because a substantial part of the events or omissions which give rise to the claim occurred in Santa Clara County." (D.I. 1 at ¶ 62). This Intradistrict Assignment statement tracks the inapplicable portion of Local Rule 3-2(c), which deals with the assignment of cases other than antitrust cases. Local Rule 3-2(c) provides:

> (c)  Assignment to a Division. Pursuant to the Court's Assignment Plan, the Clerk shall assign civil actions and proceedings for which this district is the proper venue to the court division serving the county in which the action arises. A civil action arises in the county in which a substantial part of the events or omissions which

---

[1] This motion is made by Nokia Corporation, Nokia of America Corporation, Nokia Solutions and Networks US LLC, Nokia Solutions and Networks Oy, Nokia Technologies Oy, Defendants Avanci, LLC, Avanci Platform International Limited, and Conversant Wireless Licensing SARL (collectively "Defendants"). Nokia Solutions and Networks US LLC was merged with and into Alcatel-Lucent USA Inc., effective January 1, 2018.  Alcatel-Lucent USA Inc. then changed its name to Nokia of America Corporation, also effective January 1, 2018.  Accordingly, Nokia Solutions and Networks US LLC is no longer a corporate entity and by making this motion, the named Nokia Defendants do not concede that Nokia Solutions and Networks US LLC was properly served.  In the stipulation extending the named Nokia Defendant's deadline to respond to the Complaint, the parties reserved their rights to address this issue at a later date.

[2] In requesting this administrative relief, Defendants reserve any and all rights to raise any and all defenses to Continental's allegations at the time such a response to Plaintiff's Complaint is due, including but not limited to defenses related to jurisdiction, venue, or Plaintiff's failure to state a claim upon which relief may be granted.

> give rise to the claim occurred or in which a substantial part of the property that is the subject of the action is situated. *The following are excluded from this division-specific venue rule and will be assigned on a district-wide basis*: Prisoner Petitions (including Death Penalty Habeas Corpus), Bankruptcy, Intellectual Property Rights, Social Security, Federal Tax Suits, *Antitrust* and Securities Class Actions.

L.R. 3-2(c) (emphasis added). This procedure is further explained by General Order No. 44, which details the Court's Assignment plan and states:

> Notwithstanding any other provision of the Assignment Plan, the Clerk shall maintain a district-wide system of assignment for prisoner petitions (including death penalty habeas corpus), bankruptcy, intellectual property rights, Social Security, federal tax suits, antitrust and securities class actions. Venue for cases in these categories shall be proper in any courthouse in this District. These cases shall not be reassigned on the basis of intra-district venue.

General Order No. 44, at p. 1-2.

Consistent with the Local Rules and General Order No. 44, the Clerk conveyed the following information to the undersigned counsel about the assignment of case involving antitrust claims cases in general and about this case in particular. The Clerk assigns all cases involving antitrust claims on a district-wide basis. (Declaration of Ryan W. Koppelman ("Koppelman Decl."), ¶ 2.)  When a civil coversheet is checked with the "410 Antitrust" nature of suit code, it is assigned district-wide. *Id.* This case was not assigned district-wide but instead assigned to the San Jose Division. *Id.* To the extent the assignment of this case to the San Jose Division was an error, then the Judge would need to issue an order to correct it. *Id.*

Consistent with the Clerk's statement, the Local Rules provide a mechanism to correct this assignment error and state:

> (h)  Transfer of Actions and Proceedings. *Whenever a Judge finds, upon the Judge's own motion or the motion of any party, that a civil action has not been assigned to the proper division within this district in accordance with this rule*, or that the convenience of parties and witnesses and the interests of justice will be served by transferring the action to a different division within the district, *the Judge may order such transfer, subject to the provisions of the Court's Assignment Plan*.

L.R. 3-2(h) (emphasis added). As this rule anticipates, this action has not been properly assigned in accordance with the Court's rules. Because the Plaintiff has asserted antitrust claims in its complaint, it should have been assigned on a district-wide basis, and it was not so assigned. It was instead improperly assigned based on intra-district venue, and this should be corrected. Accordingly, pursuant

to L.R. 3-2(h), Defendants respectively moves the Court to order the Clerk to randomly re-assign this case on a district-wide basis to correct this case assignment error.

DATED: June 14, 2019         ALSTON & BIRD LLP

*/s/ Ryan W. Koppelman*
Ryan W. Koppelman (State Bar No. 290704)
ALSTON & BIRD LLP
1950 University Avenue, 5th Floor
East Palo Alto, CA 94303
Telephone:  650-838-2000
Facsimile:  650-838-2001
E-mail:  ryan.koppelman@alston.com

*Attorneys for Defendants*
NOKIA CORPORATION, NOKIA OF AMERICA CORPORATION, NOKIA SOLUTIONS AND NETWORKS US LLC, NOKIA SOLUTIONS AND NETWORKS OY, and NOKIA TECHNOLOGIES OY

BAKER BOTTS, LLP

/s/ *Peter K. Huston*
BAKER BOTTS, LLP
Peter K. Huston (State Bar No. 150058)
101 California Street, Suite 3600
San Francisco, CA 94111
Telephone: 415-291-6200
Facsimile: 415-291-6300
E-mail: peter.huston@bakerbotts.com

*Attorneys for Defendant*,
Conversant Wireless Licensing SARL

WINSTON & STRAWN LLP

By:     */s/ Jeffrey L. Kessler*
Jeffrey L. Kessler (*pro hac vice pending*)
jkessler@winston.com
Aldo A. Badini (SBN 257086)
abadini@winston.com
Susannah P. Torpey (*pro hac vice pending*)
storpey@winston.com
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700

Ian L. Papendick (SBN 275648)
ipapendick@winston.com
Jeanifer E. Parsigian (SBN 289001)
jparsigian@winston.com
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111
Telephone: (415) 591-1000
Facsimile: (415) 591-1400

*Counsel for Defendants Avanci, LLC*

**FILER'S ATTESTATION**

Pursuant to L.R. 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from each of the other signatories shown above and that all signatories have authorized placement of their electronic signature on this document.

By: /s/ Ryan W. Koppelman_____