Ryan W. Koppelman (State Bar No. 290704)
**ALSTON & BIRD LLP**
1950 University Avenue, 5th Floor
East Palo Alto, CA 94303
Telephone:  650-838-2000
Facsimile:  650-838-2001
E-mail:  ryan.koppelman@alston.com

*Attorney for Defendants*
NOKIA CORPORATION, NOKIA OF AMERICA CORPORATION, NOKIA SOLUTIONS AND NETWORKS US LLC, NOKIA SOLUTIONS AND NETWORKS OY, and NOKIA TECHNOLOGIES OY

*Additional counsel listed on signature pages*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CONTINENTAL AUTOMOTIVE SYSTEMS, INC.,<br><br>  Plaintiff,<br><br>  v.<br><br>AVANCI, LLC, AVANCI PLATFORM INTERNATIONAL LIMITED, NOKIA CORPORATION, NOKIA OF AMERICA CORPORATION, NOKIA SOLUTIONS AND NETWORKS US LLC, NOKIA SOLUTIONS AND NETWORKS OY, NOKIA TECHNOLOGIES OY, CONVERSANT WIRELESS LICENSING SARL, OPTIS UP HOLDINGS LLC, OPTIS CELLULAR TECHNOLOGY, LLC, OPTIS WIRELESS TECHNOLOGY, LLC,<br><br>  Defendants. | Case No. 19-cv-2520-NC<br><br>**MOTION TO ENLARGE TIME TO RESPOND TO PLAINTIFF'S MOTION FOR ANTI-SUIT INJUNCTION** |

Pursuant to Civil L.R. 6-1(b) and L.R. 6-3(a), the named Nokia Defendants[1] hereby respectively move the Court to enlarge the time to respond to Plaintiff's Continental Automotive Systems, Inc. ("Continental US") Motion for Anti-Suit Injunction (D.I. 32) (the "Anti-Suit Motion").[2] As of the date of this request, the named Nokia Defendants have not been properly served with a complete copy of the Anti-Suit Motion because Continental US relies upon and attaches third-party confidential materials that Continental US has indicated it cannot yet share with the named Nokia Defendants. Nevertheless, Continental US submitted a certificate of service omitting certain documents from service but seeking to obligate the named Nokia Defendants to respond with 14 days (i.e. by June 26, 2019). In addition to issues arising from improper service, the named Nokia Defendants require additional time to respond to the Anti-Suit Motion and therefore seek this extension and such an extension would not prejudice Continental US.  Continental US previously stipulated that the named Nokia Defendants have until August 2, 2019 to respond to the Complaint (D.I. 32), and the named Nokia Defendants request that their deadline to oppose the Anti-Suit Motion be set later, on September 6, 2019.  As more fully explained below, the named Nokia Defendants would experience substantial harm or prejudice if the Court does not enlarge their time to respond. *See, e.g., Lilith Games (Shanghai) Co. v. uCool, Inc.*, 2015 U.S. Dist. LEXIS 72641 at *6-7, *10 (N.D. Cal. Jun. 4, 2015) (granting an enlargement of time to respond to a preliminary injunction and allowing the opposition to be filed fifteen (15) weeks after the original motion for preliminary injunction was filed) (quoting *Ahanchian v. Xenon Pictures, Inc.,* 624 F.3d 1253, 1259 (9th Cir. 2010) (in discussing LR 6-3 acknowledging that "[o]nce a particularized showing is made, 'requests for extensions of time

---

[1] This motion is made by the named Defendants Nokia Corporation, Nokia of America Corporation, Nokia Solutions and Networks US LLC, Nokia Solutions and Networks Oy, Nokia Technologies Oy (collectively the "Nokia Defendants").  Nokia Solutions and Networks US LLC was merged with and into Alcatel-Lucent USA Inc., effective January 1, 2018.  Alcatel-Lucent USA Inc. then changed its name to Nokia of America Corporation, also effective January 1, 2018.  Accordingly, Nokia Solutions and Networks US LLC is no longer a corporate entity and by making this motion, the named Nokia Defendants do not concede that Nokia Solutions and Networks US LLC was properly served.  In the stipulation extending the named Nokia Defendant's deadline to respond to the Complaint, the parties reserved their rights to address this issue at a later date.

[2] In requesting this extension, the named Nokia Defendants reserve any and all rights to raise any and all defenses to Continental's allegations at the time stipulated by Plaintiff and the named Nokia Defendants to respond to Plaintiff's Complaint, including but not limited to defenses related to jurisdiction, venue, or Plaintiff's failure to state a claim upon which relief may be granted.

made before the applicable deadline has passed should normally … be granted in the absence of bad faith or prejudice to the adverse party.").

On May 10, 2019, Continental US filed its Complaint in this case against five separate named Nokia Defendants, and on May 13, 2019, it sought to serve two of the named Nokia Defendants: Nokia Corporation of America and Nokia Solutions and Networks LLC. The three remaining named Nokia Defendants are foreign corporations and Continental US made no attempt to serve them through the Hague Convention or via waiver of service of process. (Declaration of Ryan W. Koppelman ("Koppelman Decl."), ¶ 1. Two of the three foreign named Nokia Defendants, Nokia Technologies Oy and Nokia Solutions and Networks Oy, are also the named Nokia Defendants specifically referenced in the Anti-Suit Motion.

Following Continental US's filing of the Complaint, counsel for the named Nokia Defendants reached out to counsel for Continental US and negotiated an agreed upon stipulation in which counsel for the named Nokia Defendants agreed to receive service of process for the named foreign Nokia Defendants without waiving any jurisdictional or other defenses and Continental US agreed that all of the named Nokia Defendants could have until August 2, 2019 to the file initial responsive pleadings or motions to the Complaint. Koppelman Decl., ¶ 3.  The parties filed this agreed upon extension with the Court less than two weeks ago -- on June 1, 2019. (D.I. 23).  At no time during the negotiation of the agreed upon stipulation did Continental US indicate it intended to seek expedited injunctive relief or that it would seek to resolve substantive issues before the named Nokia Defendants could even file their responsive pleadings or motions at the agreed upon time. *Id.*  Nevertheless, in the intervening 11 days, Continental US proceeded to file the Anti-Suit Motion, filed a certificate of service that seeks to require a response from the named Nokia Defendants on June 26, 2019 and sets a July 31, 2019 hearing for its motion, all before the named Nokia Defendants have even filed any initial responsive pleadings or motions.

In the fuller context, the German lawsuits that Continental US now seeks to enjoin are not new developments. These prior German cases were filed by two Finnish Nokia entities – Nokia Technologies Oy and Nokia Siemens Networks Oy – against certain third-party Daimler entities based

in Germany in March 2019. Continental US filed its Complaint in this case seven weeks after the patent infringement lawsuits were filed against third-party Daimler. Declaration of Cordula Schumacher ("Schumacher Decl."), ¶ 4.  Continental US was not a named party in the German lawsuits but certain European entities that are part of the Continental group (i.e. not Continental US) chose to intervene in those German actions, along with other suppliers of Daimler, in May 2019. *Id.*, ¶¶ 5-9. Final adjudication of the German actions against Daimler is not imminent, nor is the imposition of remedies for infringement.  Entry of an injunction in Germany would not happen any sooner that the end of this year or beginning of next year, and additional legal process would be required before it could go into effect, including for example the posting of a bond. *Id.*, ¶ 10-11.  Therefore, there is no need to proceed on Continental US's Anti-Suit Motion before the named Nokia Defendants even have an opportunity to file their initial responsive pleadings or motions to Continental US's Complaint and assert their objections and defenses. Koppelman Decl., ¶ 4.  In short, the Anti-Suit Motion seeks to force the named Nokia Defendants to appear and respond on practically an emergency basis to address substantive issues in this case well before the stipulated August 2 deadline for the Nokia Defendants to file their initial responsive pleadings. Continental US's tactic effectively undoes their stipulated extension, and it does so without any pressing need for the Anti-Suit Motion to be resolved before the named Nokia Defendants have had a chance to respond  and the Court has had a chance to consider their challenges to Continental US's pleadings and defenses to Continental US's claims in this case.

Accordingly, the named Nokia Defendants will suffer substantial harm and prejudice without an enlargement of time to respond to Continental US's request for extraordinary relief. *See, e.g., Lilith Games*, at *6-7, *10; *Ahanchian,* 624 F.3d at 1259. In support, the named Nokia Defendants make the following particularized showing of harm or prejudice absent an enlargement:

- The named Nokia Defendants would unfairly lose the benefit of their bargain in negotiating the stipulated agreement to answer or otherwise respond on August 2nd.
- The named Nokia Defendants also would be forced to rush and file an opposition to a motion seeking extraordinary relief that, in fairness, should be briefed and heard later in the case

MOTION TO ENLARGE TIME TO RESPOND TO PLAINTIFF'S MOTION FOR ANTI-SUIT INJUNCTION
Case No. 19-cv-2520-NC
3

under a more reasonable schedule after predicate issues are considered in the named Nokia Defendants' responses to the Complaint.

- The Anti-Suit Motion seeks an extreme remedy of an expansive injunction enjoining currently pending actions in foreign courts and potentially future foreign actions, which implicates complex issues of international law, and complexity based on a number of factual issues and the nature of the claims, parties and relief at issue in the various foreign proceedings, and all of this complexity requires additional time for the named Nokia Defendants to fairly address in an opposition.

- The named Nokia Defendants would further suffer substantial harm and prejudice without an enlargement of time because Continental US's Anti-Suit Motion chose to cite and attach exhibits that Continental US has not yet served on the named Nokia Defendants. Despite failing to provide the named Nokia Defendants with a complete copy of its Anti-Suit Motion, Continental US filed a certificate of service that seeks to trigger the Nokia Defendant's response time deadline.

Koppelman Decl., ¶ 5. Therefore, for all these particularized reasons the named Nokia Defendants need an enlargement of time to avoid further prejudice.

As a result of all the above, the named Nokia Defendants' opposition to the Anti-Suit Motion should be set well after its stipulated deadline to respond to the Complaint on August 2, 2019. Specifically, the named Nokia Defendants request that September 6, 2019 be set as its initial response date to the Anti-Suit Motion, which is five weeks after August 2, 2019, and that any hearing for the motion be scheduled at an appropriate time thereafter.[3]

Further, the enlargement to time would cause no prejudice to Continental US. Both the lack of immediate deadlines in Germany, and Continental US's prior stipulation extending time to August 2, 2019 evidence the lack of prejudice to Continental US in dealing with the Anti-Suit Motion in an

---

[3] To the extent the Court determines that it may need additional time to determine the appropriate briefing schedule on the Anti-Suit Motion, the named Nokia Defendants would request that the Court stay the current briefing schedule, to the extent such a schedule is even appropriately in place given the improper service issues here, to allow for such additional time without any 14-day deadline looming.

orderly and considered fashion after the named Nokia Defendants have set forth predicate issues related to Continental US's Complaint in their responsive pleadings.

On June 13, 2019, counsel for the named Nokia Defendants reached out to counsel for Continental US regarding the relief sought in this Motion, but Continental US did not agree to enough time sufficient for the named Nokia Defendants to first respond to the Complaint and raise its defenses. Koppelman Decl., ¶ 6. Therefore, a stipulation could not be entered. A case management schedule has not yet been entered in this case, therefore granting the requested relief will not alter any other pending deadlines. Koppelman Decl., ¶ 7. There has been one previous stipulated extension entered in this case as referenced above. (D.I. 23).

Thus, for all of the foregoing reasons, the named Nokia Defendants request that the Court extend their time to respond to Continental US's Motion until September 6, 2019 and that any hearing for the motion be scheduled at an appropriate time thereafter.

DATED: June 14, 2019            ALSTON & BIRD LLP

                                 /s/  Ryan W. Koppelman
                                _____
                                Ryan W. Koppelman (State Bar No. 290704)
                                ALSTON & BIRD LLP
                                1950 University Avenue, 5th Floor
                                East Palo Alto, CA 94303
                                Telephone:  650-838-2000
                                Facsimile:  650-838-2001
                                E-mail:  ryan.koppelman@alston.com

                                *Attorneys for Defendants*
                                NOKIA CORPORATION, NOKIA OF AMERICA CORPORATION, NOKIA SOLUTIONS AND NETWORKS US LLC, NOKIA SOLUTIONS AND NETWORKS OY, and NOKIA TECHNOLOGIES OY