1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
2    Including Professional Corporations
3  STEPHEN S. KORNICZKY, Cal. Bar No. 135532
   MARTIN R. BADER, Cal. Bar No. 222865
4  MATTHEW W. HOLDER, Cal. Bar No. 217619
5  12275 El Camino Real, Suite 200
   San Diego, California 92130
6  Telephone:  858.720.8900
7  Facsimile:  858.509.3691
   E mail        skorniczky@sheppardmullin.com
8                  mbader@sheppardmullin.com
9                  mholder@sheppardmullin.com

10 MICHAEL W. SCARBOROUGH, Cal. Bar No. 203524
   MONA SOLOUKI, Cal. Bar No. 215145
11 Four Embarcadero Center, 17th Floor
12 San Francisco, California 94111
   Telephone:  415.434.9100
13 Facsimile:  415.434.3947
14 E mail        mscarborough@sheppardmullin.com
                  msolouki@sheppardmullin.com
15
   Attorneys for Plaintiff Continental
16 Automotive Systems, Inc.

17              UNITED STATES DISTRICT COURT

18             NORTHERN DISTRICT OF CALIFORNIA
19

| | |
|---|---|
| 20  CONTINENTAL AUTOMOTIVE SYSTEMS, INC., a Delaware corporation, | Case No. 5:19-cv-2520-NC |
| 21 | |
| | **PLAINTIFF'S OPPOSITION TO ADMINISTRATIVE MOTION FOR TRANSFER AND DISTRICT-WIDE REASSIGNMENT PURSUANT TO L.R. 3-2(h)** |
| 22              Plaintiff, | |
| 23 | |
| 24      v. | |
| 25  AVANCI, LLC, et al., | |
| 26 | |
| 27  Defendants. | |

28

There is simply no basis for certain Defendants'[1] request that despite this case having been assigned to the Honorable Nathanael Cousins in the San Jose Division since May 10, 2019, that it now be randomly reassigned on a district-wide basis pursuant to Local Rule 3-2(h).  Assignment of this action to the San Jose Division was initially proper, and it remains proper.  Pursuant to the Nokia defendants' Declination to Magistrate Judge Jurisdiction (Dkt. 46), this case should be reassigned to a district judge within the San Jose Division.

This case is about Defendants' refusal to honor their contractual commitments to license their alleged standard-essential patents on fair, reasonable, and non-discriminatory ("FRAND") terms and conditions.  (Dkt. 1, ¶ 1.)  While the fourth through sixth causes of action are brought under the antitrust laws, Plaintiff's suit is "most definitive[ly]" one seeking an adjudication of Defendants' FRAND commitments under common law breach of contract and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.  As such, the "Nature of Suit" is not antitrust, and thus not subject to district-wide assignment.

***Plaintiff completed the Civil Cover Sheet in full compliance with the Court's accompanying instructions, and the case was properly assigned to the San Jose Division***.  Contrary to Defendants' arguments, Plaintiff's Civil Cover Sheet was filled out correctly and completely in accordance with the Instructions for Attorneys Completing Civil Cover Sheet Form JS-CAND 44 (*see* Dkt. 1-1):

*First*, as instructed, Plaintiff checked only one box under "Nature of Suit" by selecting its lead claim and the "most definitive[,]" *i.e.,* "190 Other Contract," based on Defendants' breach of their contractual commitments to license their alleged standard-essential patents on FRAND terms.

*Second*, in Section VI (Cause of Action) of the Civil Cover Sheet, Plaintiff specifically listed the applicable U.S. civil statutes ("Sections 1 and 2 of the

---

[1] Not all Defendants joined in this Administrative Motion.

1  Sherman Act and Section 16 of the Clayton Act, 15 U.S.C. §§ 1, 2, 26; Declaratory

2  Judgment Act, 28 U.S.C. §§ 2201 and 2202") and included a brief description of the

3  case ("Breach of contract to license standard-essential patents on FRAND terms,

4  and anticompetitive conduct") so as to enable the clerk(s) to independently

5  determine the nature of suit and thus assign the case consistent with the governing

6  rules.

7  *Third*, Plaintiff checked the "San Jose" box in Section IX (Divisional

8  Assignment) as specifically instructed.  Indeed, Section IX was to be left blank only

9  if "the Nature of Suit is under "Property Rights or Prisoner Petitions or the matter is

10  a Securities Class Action."

11  All information needed to correctly assign the case was included in the Civil

12  Cover Sheet; nothing was mislabeled or omitted.  The (unattributed) Clerk's

13  representations to Defendants' counsel that when the "410 Antitrust" Nature of Suit

14  is checked, then the case is assigned district-wide is technically correct, but also

15  completely irrelevant here – *the Clerk made no representations as to the "most*

16  *definitive" Nature of Suit that should have been selected in this particular case*.

17  (Mtn. at 2.)

18  Defendants entirely ignore the instructions accompanying the Civil Cover

19  Sheet which explicitly require that only one box for Nature of Suit be selected, and

20  if the case fits more than one, the "most definitive" shall govern – which is precisely

21  what Plaintiff did here.  If the Court intended for every case involving any antitrust

22  claim to be assigned on a district-wide basis under Local Rule 3-2(c), without regard

23  to the "most definitive" Nature of Suit, it could and would have so specified.  *Cf.*

24  L.R. 3-7(a) ("If a complaint or other pleading *contains a claim* governed by the

25  Private Securities Litigation Reform Act…") (emphasis added).

26  ***Defendants' Motion does not fall within the Court's discretion to order***

27  ***transfer under Local Rule 3-2(h)***.  Defendants purport to bring this Motion under

28  Local Rule 3-2(h) but that rule provides that a Judge "may order" transfer if a case

1    "has not been assigned to the proper division" or the "convenience of parties and

2    witnesses and the interests of justice will be served" by transfer to a different

3    division.  L.R. 3-2(h).

4          Defendants here make no claim that San Jose is not the "proper division."

5    Indeed, General Order 44 specifically provides that with respect to the categories of

6    suits subject to district-wide assignment (including antitrust), "venue for cases in

7    these categories shall be proper in any courthouse in this District."  General Order

8    44, at (D)(3).  Defendants thus have no grounds to argue that San Jose is not the

9    proper division.

10         Tellingly, Defendants also make no representations as to the convenience of

11   the parties and witnesses, or the interests of justice being served by transfer to a

12   different division.  That is because San Jose *is in fact the proper division*, with the

13   parties (and especially the moving party Nokia) having numerous contacts in Santa

14   Clara County, as explained in Plaintiff's Complaint.  (Dkt. 1, ¶¶ 19, 33, 41, 62.)  As

15   Defendants make no argument that San Jose is not the "proper division," but instead

16   simply take issue with the manner in which San Jose was selected by the Clerk in

17   the first instance (which as demonstrated above, lacks merit because this case is not

18   subject to district-wide assignment), Defendants may not request that the Court

19   order a transfer under Local Rule 3-2(h).

20         For all the above reasons, Plaintiff respectfully requests that Defendants'

21   Administrative Motion be denied, and that this case be reassigned to a district judge

22   within the San Jose Division now that Nokia has declined consent as to the

23   originally-assigned Magistrate.

24

25   / / /

26

27   / / /

28

1 | Dated:  June 17, 2019

2

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

3

4

By        _____*/s/ Michael W. Scarborough*_____

5

STEPHEN S. KORNICZKY

6

MARTIN R. BADER

7

MATTHEW W. HOLDER

MICHAEL W. SCARBOROUGH

8

MONA SOLOUKI

9

Attorneys for Plaintiff

10

Continental Automotive Systems, Inc.

SMRH:4831-4093-4554.3