UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONTINENTAL AUTOMOTIVE SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> AVANCI, LLC, and others, <br><br> Defendants. | Case No. 19-cv-02520 NC <br><br> **ORDER DENYING DEFENDANTS' MOTION TO TRANSFER; REQUESTING REASSIGNMENT OF CASE BY CLERK OF COURT** <br><br> Re: ECF 44 |

Presented to the Court is defendants' motion to transfer this case within the Northern District of California on a random district-wide reassignment pursuant to Civil Local Rule 3-2(h).  Under that rule, "Whenever a Judge finds, upon the Judge's own motion or the motion of any party, that a civil action has not been assigned to the proper division within this district in accordance with this rule, or that the convenience of parties and witnesses and the interests of justice will be served by transferring the action to a different division within the district, the Judge may order such transfer, subject to the provisions of the Court's Assignment Plan."

This case was assigned to the San Jose division of this court based on the information provided by plaintiff in the civil cover sheet, ECF 1-1.  Plaintiff in the civil

cover sheet identified the nature of suit as category 190 "Other Contract." ECF 1-1. The instructions direct that the filer should select the "most definitive" category if the case fits more than one nature of suit. Plaintiff also indicated that the San Jose division was appropriate for the case assignment under Civil Local Rule 3-2, based on where a substantial part of the events or omissions occurred.

Defendant disagrees with plaintiff's "nature of suit" designation and asks the Court to classify this case as "410 Antitrust." ECF 44. If the case were designated as an antitrust case, then assignment would be district-wide pursuant to Local Rule 3-2(c).

I deny defendant's motion for district-wide reassignment. Having considered the claims in the complaint, I am not persuaded that plaintiff's designation of "other contract" as the most definitive category was in error. The first cause of action is for breach of contract. ECF 1. The Clerk of Court therefore was correct to assign this case to the San Jose division.

Because not all parties have consented to the jurisdiction of a magistrate judge, ECF 46, the Clerk of Court is asked to randomly reassign this case to a District Court Judge within the reassignment plan for the San Jose division.

**IT IS SO ORDERED.**

Dated: June 17, 2019

_____
NATHANAEL M. COUSINS
United States Magistrate Judge