SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
STEPHEN S. KORNICZKY, Cal. Bar No. 135532
MARTIN R. BADER, Cal. Bar No. 222865
MATTHEW W. HOLDER, Cal. Bar No. 217619
12275 El Camino Real, Suite 200
San Diego, California 92130
Telephone: 858.720.8900
Facsimile: 858.509.3691
E mail     skorniczky@sheppardmullin.com
            mbader@sheppardmullin.com
            mholder@sheppardmullin.com

MICHAEL W. SCARBOROUGH, Cal. Bar No. 203524
MONA SOLOUKI, Cal. Bar No. 215145
Four Embarcadero Center, 17th Floor
San Francisco, California 94111
Telephone: 415.434.9100
Facsimile: 415.434.3947
E mail     mscarborough@sheppardmullin.com
            msolouki@sheppardmullin.com

Attorneys for Plaintiff Continental
Automotive Systems, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONTINENTAL AUTOMOTIVE SYSTEMS, INC., a Delaware corporation,<br><br>        Plaintiff,<br><br>  v.<br><br>AVANCI, LLC, et al.,<br><br>        Defendants. | Case No. 5:19-cv-2520-LHK<br><br>**NOTICE OF *PARTIAL* WITHDRAWAL OF PLAINTIFF'S MOTION FOR ANTI-SUIT INJUNCTION (DKT. 32), AND REQUEST FOR SAME**<br><br>Hearing Date: October 10, 2019<br>Time: 1:30 p.m.<br>Place: Courtroom 8<br>Judge: Hon. Lucy H. Koh |

Plaintiff Continental Automotive Systems, Inc. ("Continental") hereby provides the Court with a further update regarding the matters previously addressed in Dkts. 89, 95, insofar as service of the German court's so-called "anti-anti-suit injunction order" (the "German Order") on Continental is concerned.

On or about August 28, 2019, Continental was finally served with the German Order via the Hague Convention, and thus the order became effective against Continental by virtue of the service. For the Court's reference and convenience, a certified English translation of the German Order is attached to Nokia's prior filing at Dkt. 89-1, pages 5-19. As a result, pursuant to the terms of the German Order, Continental hereby partially withdraws its motion for anti-suit injunction (Dkt. 32) insofar as it requested that the Court enjoin defendants Nokia Solutions and Networks Oy and Nokia Technologies Oy, and any related entities (collectively "Nokia") from further pursuing the following ten cases pending in Germany[1]:

- *Nokia Solutions and Networks Oy v. Daimler AG*, First Munich Regional Court, Patent Division, No. 21 O 3889/19.
- *Nokia Technologies Oy v. Daimler AG*, First Munich Regional Court, Patent Division, No. 7 O 3890/19.
- *Nokia Technologies Oy v. Daimler AG*, First Munich Regional Court, Patent Division, No. 21 O 3891/19.
- *Nokia Technologies Oy v. Daimler AG*, Düsseldorf Regional Court, Patent Division, No. 4a O 26/19.
- *Nokia Technologies Oy v. Daimler AG*, Düsseldorf Regional Court, Patent Division, No. 4a O 27/19.
- *Nokia Technologies Oy v. Daimler AG*, Düsseldorf Regional Court, Patent Division, No. 4c O 17/19.
- *Nokia Technologies Oy v. Daimler AG*, Mannheim Regional Court,

---

[1] The limited nature of Continental's withdrawal is addressed further below.

Patent Division, No. 2 O 37/19.

- *Nokia Technologies Oy v. Daimler AG*, Mannheim Regional Court, Patent Division, No. 2 O 36/19.
- *Nokia Solutions and Networks Oy v. Daimler AG*, Mannheim Regional Court, Patent Division, No. 2 O 35/19.
- *Nokia Solutions and Networks Oy v. Daimler AG*, Mannheim Regional Court, Patent Division, No. 2 O 34/19.

This action is required of Continental by the terms of the German Order, with the threat of substantial monetary fines and/or the imprisonment of its board members in Germany if Continental does not comply. Continental is immediately opposing the order in Germany, and will pursue any subsequent appeal as necessary, and thus Continental's partial withdrawal is without prejudice to renewing the portion of its motion that is specific to the above-listed ten cases following the results of the above process in Germany, if successful. In the meantime, Continental confirms that it is partially withdrawing its motion insofar as it relates to the above-listed ten cases pending in Germany, and requests that the Court proceed consistent with Continental's withdrawal, as Continental is required to do by the terms of the German Order.

Otherwise, Continental seeks to confirm that it is *not* withdrawing its motion for anti-suit injunction in any other respect, *i.e.*, insofar as it seeks an order enjoining the other defendants in this proceeding, as well as Nokia, from pursuing or instituting against Continental or any of its customers (or their subsidiaries or affiliates) any *other* action alleging infringement of their global 2G, 3G and 4G SEPs during the pendency of the FRAND proceeding in this Court, or from acting in concert with anyone to pursue or institute such an action. The surviving aspects of Continental's motion remain vital to the fair and effective administration of justice in this case, wherein Continental has asked this Court to (1) confirm that Continental is entitled to a FRAND license to the SEPs owned and/or otherwise licensed by

Defendants, (2) confirm that the terms and conditions being demanded by Defendants for a license to their SEPs are not FRAND, and (3) otherwise establish and impose the FRAND terms and conditions for such a license. Absent relief from the Court as to the surviving aspects of Continental's motion, Continental remains deeply concerned that Defendants will continue to pursue separate proceedings against Continental's customers (*see* Dkt. 82, addressing Sharp's separate and ongoing proceedings against Continental's customer Daimler), and/or that Defendants will institute new, oppressive proceedings against Continental or its customers in a manner that is not consistent with U.S. policy and subverts the jurisdiction and ability of this Court to effectuate a global resolution of the parties' dispute on FRAND terms and conditions.

Dated: September 3, 2019

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By  */s/ Matthew W. Holder*
STEPHEN S. KORNICZKY
MARTIN R. BADER
MATTHEW W. HOLDER
MICHAEL W. SCARBOROUGH
MONA SOLOUKI

Attorneys for Plaintiff
Continental Automotive Systems, Inc.