# EXHIBIT A



Pillsbury Winthrop Shaw Pittman LLP
Four Embarcadero Center, 22nd Floor  |  San Francisco, CA 94111-5998  |  tel 415.983.1000  |  fax 415.983.1200

Christopher Kao
tel:415.983.1159
christopher.kao@pillsburylaw.com

September 6, 2019

**Via ECF**

The Honorable Lucy H. Koh
United States District Judge
Northern District of California
San Jose Courthouse, Courtroom 8 - 4th Floor
280 South 1st Street
San Jose, CA  95113

    Re:   ***Continental Automotive Systems, Inc. v. Avanci, LLC et al.,***
           Case No. 5:19-cv-02520-LHK

           <u>**Re: Plaintiff's Motion for Anti-Suit Injunction (Dkt. No. 32)**</u>

Dear Judge Koh:

      We are specially appearing as counsel on behalf of Defendant Sharp Corporation ("Sharp") to contest the improper service of process on Sharp under Federal Rule of Civil Procedure 12(b)(5) in the above-referenced case.  We write regarding Plaintiff Continental Automotive Systems, Inc.'s ("Continental") Motion for an Anti-Suit Injunction ("Motion") (Dkt. No. 32) and Notice of Partial Withdrawal of that Motion (Dkt. No. 166) to seek the Court's guidance as to whether the Motion can properly be directed to Sharp and whether Sharp is required to appear at the hearing on the Motion currently set for October 10, 2019.

      Without waiving its objection to improper service, Sharp asks for the Court's direction, because in its Notice of Partial Withdrawal (Dkt. No. 166 at 2-3), filed on September 3, 2019, Continental apparently wants to seek "an order enjoining the other defendants in this proceeding," and seems to obliquely include Sharp in that group of defendants.  Continental's Motion for an Anti-Suit Injunction, however, was filed on June 12, 2019, well before Continental obtained the Court's permission to add Sharp as a defendant in this case on July 23, 2019 (Dkt. No. 97) and purported to serve Sharp on August 2, 2019 (Dkt. No. 114)—and improperly, at that.

      Under the circumstances, Sharp submits that Continental's Motion cannot possibly be directed to Sharp and that the Court cannot enter any anti-suit injunction against Sharp based on the Motion.  To permit otherwise would plainly violate Sharp's due process rights and the procedures of this Court.

To summarize the procedural history, Continental appears to contend that its Motion for an Anti-Suit Injunction can be expanded to include Sharp despite the fact that:

(1) when Continental's Motion was filed on June 12, 2019, <u>Sharp was not a defendant in the lawsuit;</u>

(2) the Motion filed by Continental, not surprisingly, makes no reference to Sharp whatsoever;

(3) the Court established the briefing schedule for Continental's Motion on June 26, 2019 (Dkt. No. 76), well before Sharp was added to the case by a First Amended Complaint filed on July 23, 2019;

(4) Continental did not purport to serve Sharp with the First Amended Complaint adding Sharp as a defendant until August 2, 2019 (Dkt. No. 114) and, as set forth in Defendants' Motion to Dismiss (Dkt. No. 162), Continental's service on Sharp was defective as a matter of law;

(5) Continental seems to have suggested for the first time that its Motion could apply to Sharp only in a few sentences in its <u>Reply Brief</u> in support of its Motion filed on August 9, 2019 (Dkt. No. 128 at 14-15);[1]

(6) Counsel for Sharp entered its first appearance in the case on August 16, 2019 (per the Court's Order dated August 12, 2019), <u>after Continental's Motion had already been fully briefed</u>, and thus Sharp has not been a party to any briefing on Continental's Motion; and

(7) Counsel for Sharp only just received from Continental's counsel the full, unredacted briefing regarding the Motion on September 4, 2019.

Under these circumstances, it would be a plain violation of Sharp's due process rights for the Court to enter an injunction against Sharp based on a Motion that was filed and fully briefed before counsel for Sharp even entered an appearance in the case—and only then for the limited purpose of challenging the insufficient service of process on Sharp. After all, "[i]t is elementary that it is not within the power of any tribunal to make a binding adjudication of the rights in personam of parties not brought before it by due process of law." *Nat'l Licorice Co. v. N.L.R.B.*, 309 U.S. 350, 362, 60 S. Ct. 569 (1940); *Mason v. Genisco Tech. Corp.*, 960 F.2d 849, 851 (9th Cir. 1992) (a "person is not bound by a judgment in a litigation to which he or she has not been made a party by service of process); *see also Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 110 (1969) (same).

---

[1] On June 28, 2019, Continental purported to file a supplemental Declaration "Re Sharp" (Dkt. No. 82), but Continental did not seek to amend its Motion or Proposed Order at that time. <u>And Sharp was not even a defendant in the case yet</u>.

The Honorable Lucy H. Koh
Page 3
September 6, 2019

      Moreover, applying Continental's Motion to Sharp would also be procedurally improper because Continental's Motion for an Anti-Suit Injunction and Proposed Order do not mention Sharp at all.  (Dkt. Nos. 32, 32-1.)  Continental cannot seek to shoehorn Sharp into its Motion after the fact by a few sentences in its Reply Brief and in its Notice of Partial Withdrawal of the Motion just filed a few days ago.  This violates the Federal Rules of Civil Procedure and this Court's procedures.  *See* Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion" and the "motion must . . . (B) state with particularity the grounds for seeking the order; and (C) state the relief sought."); *Hadley v. Kellogg Sales Co.*, No. 16-CV-04955-LHK, 2019 WL 3804661, at *5 (N.D. Cal. Aug. 13, 2019) (Koh, J.) ("Pursuant to Ninth Circuit law, the Court is not required to address arguments raised for the first time in a reply brief because arguments raised for the first time in reply briefs are waived.") (internal quotation and citation omitted); *Acosta v. City of Salinas*, No. 15-CV-05415-LHK, 2016 WL 778017, at *4 (N.D. Cal. Feb. 29, 2016) (J. Koh) ("It is well established . . . that [parties] cannot raise a new issue for the first time in their reply briefs.") (citing *Eberle v. City of Anaheim*, 901 F.2d 814, 818 (9th Cir. 1990)).

      For the reasons set forth above, Sharp respectfully submits that Continental's Motion cannot be applied to Sharp and that the Court cannot enter any anti-suit injunction against Sharp based on the Motion, and asks that the Court clarify for the record that Sharp is not a party to this Motion and is not required to appear at the hearing on the Motion set for October 10, 2019.

      Should Continental desire to seek an anti-suit injunction against Sharp—which would be baseless anyway—Continental should have to file a Motion specifically directed to Sharp so that Sharp can fully and fairly participate in the briefing regarding any injunction that is sought to be imposed against it.  Given the pending Motion to Dismiss before the Court relating to the service issue against Sharp, which will be heard by the Court on November 21, 2019, we respectfully submit that Continental should not be allowed to seek an injunction against Sharp until after the Court has resolved the Motion to Dismiss.

      We appreciate the Court's consideration and attention to this matter.

      Very truly yours,

      Christopher Kao (SBN 237716)

*Counsel Specially Appearing for Defendant Sharp Corporation*