SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
STEPHEN S. KORNICZKY, Cal. Bar No. 135532
MARTIN R. BADER, Cal. Bar No. 222865
MATTHEW W. HOLDER, Cal. Bar No. 217619
12275 El Camino Real, Suite 200
San Diego, California 92130
Telephone:   858.720.8900
Facsimile:   858.509.3691
E mail       skorniczky@sheppardmullin.com
             mbader@sheppardmullin.com
             mholder@sheppardmullin.com

MICHAEL W. SCARBOROUGH, Cal. Bar No. 203524
MONA SOLOUKI, Cal. Bar No. 215145
LAI L. YIP, Cal. Bar No. 258029
Four Embarcadero Center, 17th Floor
San Francisco, California 94111
Telephone:   415.434.9100
Facsimile:   415.434.3947
E mail       mscarborough@sheppardmullin.com
             msolouki@sheppardmullin.com
             lyip@sheppardmullin.com

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE FILED PARTIALLY UNDER SEAL**

*Attorneys for Plaintiff Continental Automotive Systems, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONTINENTAL AUTOMOTIVE SYSTEMS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>AVANCI, LLC, et al.,<br><br>Defendants. | Case No. 5:19-cv-2520-LHK<br><br>**DECLARATION OF DAVID DJAVAHERIAN IN SUPPORT OF PLAINTIFF CONTINENTAL AUTOMOTIVE SYSTEMS, INC.'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT** |

I, David Djavaherian, declare as follows:

1. I am an attorney with PacTech Law, P.C. I represent Continental Automotive Systems, Inc. ("CAS") in connection with their efforts to obtain patent licenses on behalf of them and all their affiliates and subsidiaries, (collectively referred to as "Continental") for the wireless standard-essential patents relevant to Continental's telematics business. I submit this declaration to respond to the relevant factual matters set forth in the Declaration of Brian Blasius (Dkt. 162-8), the Declaration of Lasse Holopainen (Dkt. 162-2), and the Declaration of Raymond Warren (Dkt. 102-6), all cited by Defendants in support of their motion to dismiss. (MTD at 4, n.2, and 29:3-15, n.11.) If called as a witness, I could and would competently testify to all facts within my personal knowledge.

I. **CONTINENTAL'S EFFORTS TO OBTAIN A FRAND LICENSE FROM THE OPTIS ENTITIES**

2. In their respective declarations, Mr. Blasius and Mr. Warren seek to establish: (a) that none of the Optis Entities have ever made a threat of patent infringement against Continental or its customers; (b) that any licensing discussions with Continental or its affiliates were limited to CDMA2000; (c) that the Optis Entities have never refused a license to Continental, and Continental is effectively to blame for not having a license to the Optis Entities' patents; and (d) that the Optis Entities are no longer involved in seeking to license automobile manufacturers. Based on my involvement in Continental's discussions with the Optis Entities, I do not agree with the above statements.

3. Representatives from Continental initiated licensing discussions with a representative for certain PanOptis entities (the "Optis Entities") by letter dated August 17, 2017. (Warren Decl., ¶ 5, Ex. A.) This letter was sent *after* the Optis Entities approached Daimler AG ("Daimler") regarding entering into a patent license which would cover products supplied by Continental. (*Id.*) The letter specifically stated that "Continental *Group*" was a willing licensee for "*any* of its products" that utilize the Optis Entities declared essential patents, including its products that practice CDMA2000, WiFi, and Bluetooth. (*Id.* (emphasis added).) On August 21, 2017, the Optis Entities responded by stating that they were only licensing LTE and WCDMA

-1-

Case No. 5:19-cv-2520-LHK
DAVID DJAVAHERIAN DECL. ISO PLAINTIFF'S
OPPOSITION TO MOTION TO DISMISS FAC

patents, not CDMA2000.  (Warren Decl., ¶5, Ex. B.)

4. Separately, by letter dated June 1, 2018, Continental's affiliate Zonar Systems, Inc. ("Zonar") contacted the Optis Entities regarding a license to standard essential patents.  (Warren Decl., ¶ 6, Ex. C.)  Zonar's letter was prompted by a request from its customer, Daimler Trucks North America ("DTNA"), after DTNA was informed about licensing claims received by its parent entity, Daimler.  (*Id.*)  Zonar informed the Optis Entities that it was seeking a license for all of its "cellular products that make use of the 3GPP communication standards."  (*Id.*)  A license to the "3GPP communication standards" includes, for example, GSM, WCDMA, and LTE (*i.e.*, 2G, 3G, and 4G), not just CDMA2000.

5. On October 25, 2018, I personally sent a letter to the Optis Entities on behalf of "Continental (or any of its affiliates or subsidiaries)," *i.e.*, the Continental Group as a whole, including CAS.  Attached to this declaration as **Exhibit A** is a true and correct copy of this letter.  By the time my letter was sent, Continental was aware of at least two additional customers approached by the Optis Entities regarding a license, including Hyundai and Audi.

6. My letter informed the Optis Entities that the Continental Group was still, as it always has been, "willing to negotiate directly with Panoptis regarding a FRAND license for *any applicable SEPs*."  (Ex. A (emphasis added).)  This letter was, in fact, the third time someone with Continental had reached out to the Optis Entities seeking a license to its patents.  My reference to "any applicable SEPs" makes clear that Continental was seeking a license to all relevant SEPs, including WCDMA and LTE, not just CDMA2000 as the Optis Entities now assert.  The Optis Entities did not respond to my correspondence, and failed to engage Continental in negotiations.

7. On May 10, 2019, the present action was filed.  Only thereafter did a representative of the Optis Entities finally engage with Continental.  Specifically, on August 12, 2019, a representative of the Optis Entities emailed an in-house attorney with Continental and offered to engage in direct negotiations with Continental for a license if it dismissed the present action and agreed to binding arbitration if the parties could not agree on FRAND terms.  A true and correct copy of that email from the Optis Entities is attached hereto as **Exhibit B**. On September 9, 2019, I responded to the Optis Entities by way of the letter attached hereto as **Exhibit C**.  I explained—

again—that Continental was seeking to negotiate a direct license to "*any applicable SEPs*," not just CDMA2000. (Ex. C (emphasis added).) I also reminded the Optis Entities that Continental had yet to receive any form of licensing offer from the Optis Entities. (Ex. C.) To date, there has been no further written correspondence with the Optis Entities and the Optis Entities have not provided Continental with a licensing offer.

8. It is my understanding that the Optis Entities joined Avanci in March 2017. (*See* http://avanci.com/avanci-announces-panoptis-unwired-planet-new-patent-owners-licensing-platform/.) Since that time, Avanci has been contacting numerous automobile manufacturers (including manufacturers in Europe, Asia, and North America) in pursuit of a standard-essential patent license, including a license to the Optis Entities' patents. Those efforts continue to this day. To the best of my knowledge, the Optis Entities continue to participate as a member of Avanci, and have not withdrawn their patents from Avanci or forsaken their ability to benefit from Avanci's licensing activities. (*See* http://avanci.com/ (listing the Optis Entities as members).)

## II. CONTINENTAL'S EFFORTS TO OBTAIN A LICENSE FROM THE NOKIA DEFENDANTS

9. In his declaration, Mr. Holopainen seeks to establish: (a) that Nokia has only dealt with Continental Automotive GmbH and has never dealt with CAS; (b) that Continental has never requested a license from Nokia, but has merely sought to pay for past use; (c) that Nokia's discussions with Nokia were limited to CDMA2000; and (d) that Nokia has offered a license to Continental, but Continental refused such license. Again, based on my involvement in Continental's discussions with Nokia, I believe the above statements are not correct.

10. In response to Nokia's licensing requests directed to Daimler (Continental's customer), representatives from Continental initiated licensing discussions with Nokia by letter dated October 24, 2017. (Dkt. 32-2, Decl. of Matthew W. Holder in Support of Plaintiff's Motion for Anti-Suit Injunction ("Holder ASI Declaration"), ¶ 9, Ex. 8.) The letter was sent on behalf of "Continental Group," and specifically states that the Continental Group is "generally willing to take licenses to declared standard essential patents, to the extent that *any* of its products make use of technical inventions[] protected by such" patents. (*Id.* (emphasis added).)

11. On November 3, 2017, Nokia responded and explained that its position was to only license the company that sells the end-product in a value chain, but that Nokia would be willing to grant Continental the right "to grant a license to Daimler covering its end-products." (Holder ASI Declaration, ¶10, Ex. 9.) In other words, Nokia would only offer Continental an indirect right to license certain of its customer-OEMs, in essence making Continental a purported licensing agent for Nokia rather than—as Continental had requested—a direct licensee. Nokia also "clarif[ied] that the aforementioned licensing solutions are intended to *cover both past, current and future supply of relevant products.*" (*Id.* (emphasis added).) Continental's discussions with Nokia were not restricted to past sales.

12. On December 18, 2017, after execution of a Non-Disclosure Agreement that was requested by Nokia, ▌

13. Nokia and Continental continued discussions throughout 2018. ▌

14. In 2018, Nokia was also concurrently discussing Zonar's (Continental's affiliate) individual request for a license. ▌

---

[1] The Non-Disclosure Agreement was executed by Nokia Technologies Ltd. and Continental AG.

-4-

15. Attached as **Exhibit E** to this declaration is a true and correct copy of a letter sent by me, on behalf of Continental, to Nokia on an October 30, 2018. In this letter, I attempted to align the two separate discussions between Nokia and the different Continental Group entities and informed Nokia that I would be the point of contact for patent licensing negotiations on behalf of "*all* Continental entities, including Zonar." (Ex. E (emphasis added).) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, my reference to "*all* Continental entities" necessarily includes CAS, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Ex. E (emphasis added).)

16. On December 11, 2018, Nokia responded, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ On December 18, 2018, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

17. On April 18, 2019, Nokia responded by email, which is attached as **Exhibit G**. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

1  █████████████████████████████████████████████████████████
2  █████████████████████████████████████████████████████████
3  █████████████████████████████████████████████████████████
4  █████████████████████████████████████████████████████████
5  █████████████████████████████████████████████
6  ████████████████████████████████████████████
7  ████████████████████████████

8       18.    I responded to Nokia's April 18, 2019 correspondence by letter dated May 7, 2019,
9  which is attached as **Exhibit H**. ████████████████████████████
10 █████████████████████████████████████████████████████████
11 ████████████████████████████████████████████
12 █████████████████████████████████████████████████████████
13 ████████████████████████████████████
14 █████████████████████████████████████████████
15 █████████████████████████████████████████████
16 █████████████████████████████████████████████████████████
17 ████████████

18       19.    ████████████████████████████████████████
19 █████████████████████████████████████████████

20 _____
21 [2] ████████████████████████████████████████
22 ████████████████████████████████████████
23 █████████████████████████████████████████████
24 █████████████████████████████████████████
25 █████████████████████████████████████████████████████████
26 █████████████████████████████████████████████
27 █████████████████████████████████████████████████████████
28 ████████████

1. █████████████████████████████████████████
2. █████████████████████████████████████████
3. ███████████████████████████████████
4. █████████████████████████████████████████
5. █████████████████████████████████████████
6. █████████████████████████████████████████
7. █████████████████████████████████████████
8. ████████

9.   20.   █████████████████████████████████
10. █████████████████████████████████
11. █████████████████████████████████████████
12. █████████████████████████████████████████
13. █████████████████████████████████████████
14. █████████████████████████████████████████
15. █████████████████████████████████████████
16. █████████████████████████████████████████
17. █████████████████████████████████████████
18. ███████████████████████████

19.   21.   █████████████████████████████
20. █████████████████████████████████████████
21. █████████████████████████████████████████
22. █████████████████████████████████████████
23. █████████████████████████████████████████
24. █████████████████████████████████████████
25. █████████████████████████████████████████
26. █████████████████████████████████████████
27. █████████████████████████████████████████
28. █████████████████████████████████████████

-7-   Case No. 5:19-cv-2520-LHK
DAVID DJAVAHERIAN DECL. ISO PLAINTIFF'S
OPPOSITION TO MOTION TO DISMISS FAC

22.

23. Nokia has yet to make a direct FRAND licensing offer to Continental in any form.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 4th day of October 2019, under the laws of the United States.

By _____
David Djavaherian