# EXHIBIT C



**PACTECH** LAW P.C.

PacTech Law, P.C.
903 Calle Amancer #350
San Clemente, CA 92673

September 9, 2019

Jason Sheasby
Irell & Manella, LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067-4276
Email: jsheasby@irell.com

**VIA EMAIL**

RE: *PanOptis Entities' Licensing Assertions Involving Continental Devices*

Dear Jason,

On behalf of Continental, I write further to my letter of October 25, 2018 to Mr. Warren, and in response to the August 12 communication from PanOptis's Mr. Hillyard to Continental's Mr. Jurch. I am sending this to you in your capacity as PanOptis's outside counsel, but please let me know if you authorize me to communicate directly with Mr. Hillyard instead.

While we appreciate Mr. Hillyard's recent communications and statements, PanOptis's recent assertions in the parties' pending action require brief comment. In particular, we disagree with PanOptis's statements that the "Optis Entities have never refused to license Plaintiff," as well as its suggestions that Continental did not request any license for "products beyond the CDMA2000 products." In fact, Continental requested a broad license proposal from PanOptis ten months ago covering any applicable SEPs. As my October 25 letter to Mr. Warren stated:

> Continental writes to you now to convey, once again and unequivocally, that ***any*** alleged infringement issues with Continental devices should be addressed directly with Continental (and/or, as may be appropriate, Continental's suppliers). We stand willing to negotiate directly with Panoptis regarding a FRAND license for ***any applicable SEPs***.

In other words, PanOptis long has known of Continental's desire for a FRAND license proposal from PanOptis addressing *any* SEPs that PanOptis believes to be applicable.

And despite the passage of ten months since Continental's request, PanOptis had ignored Continental's requests that it provide such an offer – indeed, PanOptis failed to respond to Continental at all until just a short while ago.  During the time that PanOptis was failing to send any license offer to Continental, PanOptis certainly knew that its licensing agent, Avanci, was asserting PanOptis patents (along with the other patents included in the Avanci pool) targeting Continental's products and customers.  It was only after Continental was forced to initiate litigation seeking a direct FRAND license that PanOptis finally responded to Continental.

Putting this history aside, Continental does appreciate Mr. Hillyard's stated willingness to provide a direct FRAND license offer to Continental.  We still have not, however, received any licensing proposal.  As such, we request that PanOptis please provide its proposed license so that the parties' negotiations can proceed.  Once we receive PanOptis's licensing proposal, we certainly can evaluate the remainder of PanOptis's suggested approach.  For example, the parties are already involved in a neutral and independent adjudication of FRAND rates, and Continental does not anticipate that arbitration would be a preferable option.  But we will further evaluate and discuss this with PanOptis once PanOptis provides a FRAND license offer.

Best regards,

Dave Djavaherian
PacTech Law, P.C.

2