SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
STEPHEN S. KORNICZKY, Cal. Bar No. 135532
MARTIN R. BADER, Cal. Bar No. 222865
MATTHEW W. HOLDER, Cal. Bar No. 217619
12275 El Camino Real, Suite 200
San Diego, California 92130
Telephone:     858.720.8900
Facsimile:     858.509.3691
E mail         skorniczky@sheppardmullin.com
               mbader@sheppardmullin.com
               mholder@sheppardmullin.com

MICHAEL W. SCARBOROUGH, Cal. Bar No. 203524
LAI L. YIP, Cal Bar No. 258029
MONA SOLOUKI, Cal. Bar No. 215145
Four Embarcadero Center, 17th Floor
San Francisco, California 94111
Telephone:     415.434.9100
Facsimile:     415.434.3947
E mail         mscarborough@sheppardmullin.com
               msolouki@sheppardmullin.com
               lyip@sheppardmullin.com

Attorneys for Plaintiff Continental Automotive Systems, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONTINENTAL AUTOMOTIVE SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> AVANCI, LLC, et al., <br><br> Defendants. | Case No. 5:19-cv-02520-LHK <br><br> **CONTINENTAL'S *EX PARTE* APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY AN ANTI-SUIT INJUNCTION SHOULD NOT ISSUE AGAINST DEFENDANTS** <br><br> Judge: Hon. Lucy H. Koh |

Plaintiff Continental Automotive Systems, Inc. ("Continental"), by and through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 65 and Civil Local Rules 7-10 and 65-1, hereby applies, *ex parte*, for a temporary restraining order ("TRO") and order to show cause why an anti-suit injunction should not issue against Defendants Avanci, LLC and Avanci Platform International Limited ("Avanci"); Nokia Corporation, Nokia of America Corporation, Nokia Solutions and Networks US LLC, Nokia Solutions and Networks Oy, and Nokia Technologies Oy ("Nokia"); Conversant Wireless Licensing SARL ("Conversant"); Optis UP Holdings, LLC, Optis Cellular Technology, LLC, and Optis Wireless Technology, LLC ("Optis"); and Sharp Corporation ("Sharp") (collectively, "Defendants").

Below Continental sets forth the nature of the proposed anti-suit injunction and TRO, along with why a TRO is needed to maintain the status quo pending the Court's decision on the underlying application.  Before doing so, though, Continental addresses the matter of most urgent concern:  **Continental respectfully asks that the Court _immediately_ enter a TRO prohibiting Defendants from seeking a so-called "anti-anti-suit injunction" (*i.e.*, an order requiring Continental to withdraw and not pursue this very application) while this application is pending and remains undecided by the Court.**  As the Court will recall, Nokia prevented this Court from deciding the lion's share of the last motion for anti-suit injunction filed by Continental by secretly obtaining such an "anti-anti-suit injunction" in Germany (notably, after seeking an extension to the briefing schedule from this Court based on the pretense that such extension would cause no harm to Continental).  **There is a very substantial risk that some of the Defendants will seek to do the same thing again here, possibly in a matter of _hours_ after Continental files this application.**  Thus, in order to allow the Court to decide this application without Continental being required to withdraw it, Continental asks the Court to at least issue an order prohibiting the seeking of an "anti-anti-suit injunction" while this application remains pending.

**The Anti-Suit Injunction**.  Continental seeks a narrow and focused anti-suit injunction geared towards preserving the status quo vis-à-vis Continental devices while the Court resolves the global FRAND dispute between the parties:

First, Continental seeks an order prohibiting Sharp and Conversant from seeking or

enforcing any injunctive relief against Continental's customer, Daimler AG ("Daimler"), with respect to vehicles incorporating Continental products, in Sharp and Conversant's pending litigation against Daimler in Germany. At present, there are six such cases—five filed by Sharp, and one recently added by Conversant.[1] In only two of those cases—the Sharp cases filed on June 25, 2019, No. O 8609/19, and June 27, No. 21 O 9918/19—are Sharp or Conversant currently seeking injunctive relief. Sharp added the request for injunctive relief to the two cases approximately three weeks ago, on September 17, 2019, months after Continental filed this lawsuit seeking a global resolution to the parties' licensing dispute. Thus, with respect to four of the six pending Sharp and Conversant cases, Continental is merely seeking to prevent Sharp and Conversant from doing something they have not yet done, but which Continental has good reason to believe they will do soon if past developments are any indication, *i.e.*, seek injunctive relief vis-à-vis Continental's products. As to the two cases where Sharp very recently added the request for injunctive relief targeting Continental products, Continental seeks an order requiring Sharp to stand down and not pursue such relief while this case remains pending.

The basis for Continental's motion in this respect is that the seeking of injunctive relief vis-à-vis FRAND-encumbered standard-essential patents ("SEPs") is contrary to U.S. policy, and has no purpose other than to coerce the targeted customer to enter into a license at *supra*-FRAND rates. The proposed injunctive relief is especially inappropriate where, as here, Continental has come before the Court seeking a binding FRAND license to Defendants' SEPs so that it can sell fully-licensed products to its customers, for the benefit of Continental and all of its affiliates, and thus achieve a global resolution to the parties' dispute. To confirm, this aspect of Continental's proposed relief is only focused on *injunctive relief* (in other words, Continental is not seeking to

---

[1] The cases are as follows, in order of filing: (1) *Sharp Kabushiki Kaisha v. Daimler AG*, Mannheim Regional Court, Patent Division, No. 2 O 46/19, filed on April 12, 2019; (2) *Sharp Kabushiki Kaisha v. Daimler AG*, Mannheim Regional Court, Patent Division, No. 2 O 87/19, filed on June 5, 2019; (3) *Sharp Kabushiki Kaisha v. Daimler AG*, First Munich Regional Court, Patent Division, No. 21 O 8609/19, filed on June 25, 2019; (4) *Sharp Kabushiki Kaisha v. Daimler AG*, First Munich Regional Court, Patent Division, No. 21 O 9918/19, filed on June 27, 2019; (5) *Sharp Kabushiki Kaisha v. Daimler AG*, First Munich Regional Court, Patent Division, No. 7 O 8818/19, filed on June 28, 2019; and (6) *Conversant Wireless Licensing SARL v. Daimler AG*, Munich First Regional Court, Patent Division, No. 21 O 11384/19, filed on August 13, 2019.

stop the Sharp and Conversant lawsuits altogether, *e.g.*, to the extent they are pursuing damages or information and rendering of account), and is only focused on *the products of Continental and its affiliates*, not products sourced from a different Daimler supplier.

<u>Second</u>, Continental seeks an order preventing Defendants from instituting against Continental and its affiliates, or any of their customers, any new action alleging infringement of any SEPs based on functionality provided by products, namely telematics control units ("TCUs"), supplied by Continental or its affiliates, or from acting in concert with anyone to institute such an action. In other words, no new patent infringement lawsuits based on Continental's products. Since Daimler, Continental, and others filed complaints with the European Commission earlier this year accusing Nokia of unlawfully failing and refusing to license suppliers like Continental, three Avanci members—Nokia, Sharp, and now Conversant—have filed a total of 16 retaliatory patent infringement cases in Germany against Continental's customer Daimler. First it was Nokia, then Sharp, and now Conversant. All but one of the five Sharp cases, as well as the Conversant case, were filed *after* Continental filed this lawsuit seeking a binding and comprehensive FRAND license to Avanci's portfolio. Enough is enough. Defendants should not be permitted to continue to harass Continental and its customers regarding the customers' use of Continental products while Continental is simultaneously seeking a FRAND license from those Defendants that will comprehensively resolve the parties' worldwide dispute. To confirm, this aspect of the relief is limited to the use of products sold by Continental and its affiliates—it would not extend to the customers' use of products from other suppliers.

**The TRO**. Regarding the TRO, Continental seeks expedited relief in two respects, with such relief once again focused on maintaining the status quo while the Court decides Continental's motion:

<u>First</u>, as noted earlier, Continental seeks an ***immediate order*** prohibiting Defendants from seeking an injunction from a foreign court depriving Continental of its right to pursue the underlying application (a so-called "anti-anti-suit injunction"). Continental asks that the Court enter a TRO in this first respect immediately upon receipt of Continental's application, because otherwise some of the Defendants are likely to ask a German court to order Continental to

withdraw this application (possibly within a matter of *hours* after this application is filed) before the Court even has a chance to decide the TRO request, much less the request for an anti-suit injunction.  As the Court will recall, Nokia sought such an "anti-anti-suit injunction" in Germany (via a secret process, without any notice to Continental) after Continental filed its prior motion for anti-suit injunction.  (Dkt. 89-1.)  Once service was complete, Continental had to partially withdraw its motion before the Court could decide it.  (Dkt. 166.)  Defendants will have a fair opportunity to oppose Continental's application here in this Court.  They should not be permitted to undermine this Court's jurisdiction via an anti-anti-suit injunction in Germany, while simultaneously exerting unlawful pressure on Continental's customers to accept *supra*-FRAND rates vis-à-vis the customers' use of products made and sold by Continental and its affiliates, when Continental seeks a binding FRAND license covering all such products in this action.[2]

        Second, Continental seeks a TRO providing the relief sought in the application for an anti-suit injunction while this application is pending before the Court.  Absent a TRO, there is a substantial risk that Sharp and Conversant will continue to seek injunctive relief in the pending German actions, while Defendants or their proxies file additional lawsuits against Continental or its customers (just as Conversant did recently, on the heels of the Nokia and Sharp lawsuits, resulting in 16 such current actions).  Such lawsuits could have their intended effect—coercing Continental's customers to enter into licenses at *supra*-FRAND rates—before this Court ever has the opportunity to decide the merits of Continental's request for an anti-suit injunction.  Hence there is a need for a TRO in order to preserve the status quo pending the Court's decision on the underlying application.

        This Application is based on this Motion, the accompanying Memorandum of Points and Authorities; the Declarations of Matthew W. Holder, Dr. Frank-Erich Hufnagel, and Brian Droessler; the accompanying Proposed Order; and on such other evidence and argument as the

---

[2] Continental notes that because of Nokia's prior anti-anti-suit injunction order, which remains in effect, this application does not extend to the 10 current cases Nokia is pursuing against Daimler in Germany.  The first appellate hearing in Germany addressing the propriety of Nokia's anti-anti-suit injunction is set to occur on October 31, 2019.  In the event the anti-anti-suit injunction is lifted by the German courts, Continental will promptly apprise the Court here and address whether further relief is appropriate given that development.

1  Court may consider.  Continental is providing Defendants with written notice of this *ex parte*
2  application, along with the supporting papers, via electronic mail to Defendants' counsel
3  contemporaneous with the filing of the papers.
4  Dated:  October 8, 2019

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By     */s/ Matthew W. Holder*
STEPHEN S. KORNICZKY
MARTIN R. BADER
MATTHEW W. HOLDER
MICHAEL W. SCARBOROUGH
MONA SOLOUKI
LAI L. YIP

Attorneys for Plaintiff Continental Automotive Systems, Inc.