UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN DIVISION

| | |
|---|---|
| CONTINENTAL AUTOMOTIVE SYSTEMS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>AVANCI, LLC, et al.,<br><br>Defendants. | Case No. 19-CV-02520-LHK<br><br>**ORDER DENYING PLAINTIFF'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE**<br><br>Re: Dkt. No. 184, 185 |

On June 12, 2019, Plaintiff filed a motion for anti-suit injunction against some of the defendants in the instant case. ECF No. 32. On July 23, 2019, Plaintiff's First Amended Complaint added an additional defendant. ECF No. 97. On September 10, 2019, the Court denied without prejudice Plaintiff's motion for anti-suit injunction. ECF No. 173. The Court stated that, if Plaintiff elected to refile its motion for anti-suit injunction, Plaintiff should do so against all Defendants, and that all Defendants should file one consolidated opposition. *Id.* As of October 8, 2019, Plaintiff has failed to file a new motion for an anti-suit injunction. Instead, Plaintiff filed an ex parte application for a temporary restraining order and order to show cause why an anti-suit injunction should not issue against Defendants on October 8, 2019. ECF No. 185.

1

Case No. 19-CV-02520-LHK
ORDER DENYING PLAINTIFF'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE

Federal Rule of Civil Procedure 65(b) provides that a court may issue a temporary restraining order ("TRO") without notice to the adverse party in limited circumstances where "*specific facts in an affidavit or a verified complaint* clearly show that immediate and irreparable injury, loss, or damage will result to the movant result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A) (emphasis added). The movant must also certify in writing any efforts made to give notice and the reasons why it should not be required. Fed R. Civ. P. 65(b)(1)(B).

Plaintiff has not provided specific facts in an affidavit or a verified complaint that show why irreparable harm will result to Plaintiff if the Court does not issue a temporary restraining order before Defendant can be heard in opposition. Nor has Plaintiff certified in writing any efforts made to give notice and the reasons why it should not be required. The Court therefore DENIES Plaintiff's ex parte application for a temporary restraining order and order to show cause why an anti-suit injunction should not issue against Defendants. Additionally, the Court DENIES as moot Plaintiff's corresponding motion to seal, ECF No. 184.

Given the complexity of the legal issues raised in Plaintiff's application, the Court finds that hearing from Defendants will likely be necessary for resolution of any future application for a temporary restraining order.

**IT IS SO ORDERED.**

Dated: October 8, 2019

*Lucy H. Koh*
_____
LUCY H. KOH
United States District Judge

2

Case No. 19-CV-02520-LHK
ORDER DENYING PLAINTIFF'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE