UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CONTINENTAL AUTOMOTIVE SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> AVANCI, LLC, et al., <br><br> Defendants. | Case No. 19-CV-02520-LHK <br><br> **ORDER GRANTING ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL DOCUMENTS IN CONNECTION WITH DEFENDANTS' MOTION TO DISMISS** <br><br> Re: Dkt. Nos. 161, 181 |

On August 30, 2019, Defendants filed a consolidated Motion to Dismiss on various grounds. ECF No. 162. Continental Automotive Systems, Inc. ("Plaintiff") filed its Opposition to the consolidated Motion to Dismiss ("Opposition") on October 4, 2019. ECF No. 182. Before the Court are two sealing motions: (1) the Nokia Defendants' administrative motion to file under seal the Second Declaration of Lasse Holopainen, which was filed in support of Defendants' consolidated Motion to Dismiss, ECF No. 161; and (2) Plaintiff's administrative motion to file under seal its Opposition and certain documents attached thereto, ECF No. 181. However, the Court granted Defendants' motion to transfer the case to the Northern District of Texas on December 11, 2019. ECF No. 204. As a result of the transfer, this Court need not decide

1
Case No. 19-CV-02520-LHK
ORDER GRANTING ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL DOCUMENTS IN CONNECTION
WITH DEFENDANTS' MOTION TO DISMISS

Defendants' consolidated Motion to Dismiss. Therefore, as explained below, the Court GRANTS both administrative motions to seal.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). As the Ninth Circuit has explained, this is a "common law right," *United States v. Doe*, 870 F.3d 991, 996 (9th Cir. 2017), reflecting the American judicial system's longstanding commitment to "the open courtroom," *Oliner v. Kontrabecki*, 745 F.3d 1024, 1025 (9th Cir. 2014). The public policy favoring public access to judicial proceedings applies equally to court records because "court records often provide important, sometimes the only, bases or explanations for a court's decision." *Id.* Accordingly, when considering a sealing request, "a strong presumption in favor of access" is generally a court's "starting point." *United States v. Bus. of Custer Battlefield Museum & Store Located at Interstate 90, Exit 514, S. of Billings, Mont.*, 658 F.3d 1188, 1194 (9th Cir. 2011) (internal quotation marks omitted). That presumption can be overcome only by a showing of a "compelling reason," that "outweighs the general history of access and the public policies favoring disclosure." *Id.* at 1194–95.

"Despite this strong preference for public access," the Ninth Circuit has "carved out an exception" for certain court filings. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016). Specifically, filings that are not "more than tangentially related to the merits of a case" need only satisfy the "less exacting" "good cause" standard of Federal Rule of Civil Procedure 26(c). *Id.* at 1097, 1102. The Ninth Circuit has explained that the rationale underlying the "good cause" standard is that "the public has less of a need for access to court records" that "are unrelated, or only tangentially related, to the underlying cause of action." *Oliner*, 745 F.3d at 1026.

Here, however, all of the documents sought to be sealed were filed in connection with Defendants' consolidated Motion to Dismiss and Plaintiff's Opposition thereto. When the Court

2

Case No. 19-CV-02520-LHK
ORDER GRANTING ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL DOCUMENTS IN CONNECTION
WITH DEFENDANTS' MOTION TO DISMISS

transferred the case to the Northern District of Texas, the consolidated Motion to Dismiss moved to that court's docket. Because the Court did not decide the consolidated Motion to Dismiss, the Court GRANTS the (1) the Nokia Defendants' administrative motion to file under seal the Second Declaration of Lasse Holopainen and (2) Plaintiff's administrative motion to file under seal its Opposition and certain supporting documents. The documents that the moving parties provisionally filed under seal at the docket entries listed above shall remain under seal.

Nevertheless, the Court notes that Plaintiff's request to seal entire documents was likely overbroad. In our district, in addition to meeting the applicable sealing standard, all parties requesting sealing must comply with Civil Local Rule 79–5, including that rule's requirement that the request "be narrowly tailored to seek sealing only of sealable material." Civ. L.R. 79–5(b). Furthermore, "conclusory offerings do not rise to the level of 'compelling reasons' sufficiently specific to bar the public access to the documents." *Kamakana*, 447 F.3d at 1182 (requiring a specific compelling reason for each redaction rather than "a general category of privilege"). In order to seal documents in their entirety, then, the party requesting sealing must provide compelling and specific justifications for doing so. Hence, had the Court reached the merits of Plaintiff's administrative motion, the motion would likely have been denied in part for failure to comply with Civil Local Rule 79–5(b).

Furthermore, Plaintiff's administrative motion and the Nokia Defendants' administrative motion failed to comply with Civil Local Rule 79–5(e). Both motions were brought in part under Civil Local Rule 79–5(e), which governs sealing when a party other than the moving party (the so-called "Designating Party") has designated the information at issue confidential. As relevant here, that rule requires the designating party to provide the Court with a declaration "establishing that all of the designated material is sealable." Civ. L.R. 79–5(e)(1); *see* Civ. L.R. 79–5(d)(1)(A). However, some of the designating parties identified in Plaintiff's administrative motion and in the Nokia Defendants' administrative motion failed to file the required declaration. The Court would therefore have denied the instant sealing motions as to the documents purportedly designated

3

confidential by those parties.

**IT IS SO ORDERED.**

Dated: December 11, 2019

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

4

Case No. 19-CV-02520-LHK
ORDER GRANTING ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL DOCUMENTS IN CONNECTION WITH DEFENDANTS' MOTION TO DISMISS